PHILIP ROTH, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roth v. Commissioner
Docket Nos. 7791-90, 7792-90
United States Tax Court
T.C. Memo 1993-229; 1993 Tax Ct. Memo LEXIS 227; 65 T.C.M. (CCH) 2778; May 24, 1993, Filed *227 An appropriate order will be issued denying petitioner's motion to reconsider the bankruptcy stay and a decision will be entered. Philip Roth, pro se. For respondent: Victoria Sherlock. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on petitioner Philip Roth's motion seeking reinstatement of the automatic stay under 11 U.S.C. section 362(a) (1988) upon the reopening of his chapter 7 bankruptcy case. On November 29, 1989, petitioner Philip Roth filed a petition under chapter 7 of the Bankruptcy Code. On January 25, 1990, respondent issued a notice of deficiency to petitioner Philip Roth and petitioner Linda Roth. The issuance of the deficiency notice to petitioner Philip Roth (petitioner) did not violate the automatic stay provisions of 11 U.S.C. section 362(a)(8). See 11 U.S.C. sec. 362(b)(9). Petitioner was granted a discharge on March 12, 1990. The Internal Revenue Service did not object to the granting of a general discharge in the bankruptcy proceeding. In April 1990, petitioners filed petitions in this Court. A trial was held, *228 and on September 23, 1992, we issued an opinion, Roth v. Commissioner, T.C. Memo. 1992-563, sustaining respondent's position as to fraud with respect to Philip Roth for 1982 through 1985 and with respect to Linda Roth for 1983. We also determined that we did not have jurisdiction to determine the dischargeability of petitioner's tax debt. Decision documents were submitted to the Court on November 20, 1992. On December 2, 1992, the United States Bankruptcy Court for the District of Nevada issued an order reopening petitioner Philip Roth's chapter 7 bankruptcy for the limited purpose of determining the dischargeability of Federal income tax liability, penalties, and interest for 1982 through 1985. On December 18, 1992, we received from petitioner a document entitled Petitioner's Reply to Commissioner's Opposition to Petitioner's Motion to Dismiss For Lack of Consideration, which we filed as Petitioner's Motion to Reconsider the Bankruptcy Stay. On January 13, 1993, respondent filed a response to petitioner's motion to reconsider the bankruptcy stay, in which respondent objected to the granting of petitioner's motion. On February 3, 1993, petitioner *229 filed a reply to respondent's response to petitioner's motion to reconsider the bankruptcy stay. Petitioner maintains that the Tax Court proceeding is stayed by the reopening of the bankruptcy case. In Allison v. Commissioner, 97 T.C. 544, 548 (1991), we held that the automatic stay is terminated when a bankruptcy case is closed, dismissed, or a discharge is granted or denied, and the reopening of the taxpayer's bankruptcy case does not reimpose the automatic stay of 11 U.S.C. section 362(a), absent an order from the bankruptcy court. The fact that the bankruptcy court retains or reacquires jurisdiction over the debtor's case after the case has been closed, dismissed, or discharged does not continue or reactivate the stay. Allison v. Commissioner, supra at 546-547; Moody v. Commissioner, 95 T.C. 655 (1990); In re Trevino, 78 Bankr. 29, 37 (Bankr. M.D. Pa. 1987); In re Herron, 60 Bankr. 82, 84 (Bankr. W.D. La. 1986). Accordingly, in view of the discharge of petitioner's chapter 7 case *230 on March 12, 1990, and the lack of an order by the bankruptcy judge staying the proceedings, the automatic stay is not reimposed in this case. Petitioner's bankruptcy case was reopened for the limited purpose of determining the dischargeability of petitioner's tax debt for 1982 through 1985, an issue which we lack jurisdiction to decide. Thus, the resolution of this issue is not in conflict with the entering of a decision in this case. Accordingly, An appropriate order will be issued denying petitioner's motion to reconsider the bankruptcy stay and a decision will be entered.