T.C. Memo. 1995-587


UNITED STATES TAX COURT


ESMAT A. AND SYLVIA G. ZAKLAMA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18474-91, 28167-92.     Filed December 12, 1995.


Esmat A. and Sylvia G. Zaklama, pro se.

<u>Peter Reilly</u>, for respondent.


MEMORANDUM OPINION


POWELL, <u>Special Trial Judge</u>:  These cases are before the
Court on the Court's orders dated July 26, 1995, directing
petitioners to show cause why the stay of these proceedings
should not be lifted.  The question is whether the so-called
automatic stay imposed pursuant to 11 U.S.C. section 362(a)(8)

(1988),[1] was terminated by virtue of the bankruptcy court's dismissal of petitioners' bankruptcy case that was contingent upon several conditions.

Background

On July 10, 1991, respondent issued a notice of deficiency to Esmat A. and Sylvia G. Zaklama (petitioners) determining a deficiency in and additions to their Federal income tax for 1987. Petitioners filed an imperfect petition with the Court on August 15, 1991, followed by a proper amended petition on October 17, 1991, that was assigned docket No. 18474-91. On September 21, 1992, respondent issued a notice of deficiency to petitioners determining a deficiency in and additions to their Federal income tax for 1988. Petitioners filed a petition with the Court on December 21, 1992, that was assigned docket No. 28167-92.[2]

On April 5, 1993, petitioners filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of New Jersey. As a result, this Court issued orders staying all proceedings in these cases consistent with 11 U.S.C. section 362(a)(8) (1988).

On March 21, 1995, the bankruptcy court issued an order stating that, upon consideration of its own motion to dismiss or

[1] All section references are to Title 11 of the United States Code, unless otherwise indicated.

[2] At the time that the petitions were filed, petitioners resided at Jersey City, New Jersey.

convert the case to a chapter 7 proceeding, petitioners' case would be dismissed subject to certain terms and conditions. See 11 U.S.C. sec. 1112(b) (1988).[3] In particular, the bankruptcy court's order of dismissal is conditioned on: (1) petitioners depositing $40,000 with the bankruptcy trustee and remitting such additional sums as might be necessary to cover administrative claims to be awarded by the court; (2) the dismissal with prejudice of petitioners' motion for the turnover from the trustee and disgorgement of fees previously paid; (3) staying relief as to all secured creditors in the event petitioners should seek protection under any chapter of the Bankruptcy Code during a 1-year period following the date of entry of the order of dismissal; and (4) petitioners' filing a certification indicating that all unsecured creditors have been paid in full within 90 days of the date of entry of the order of dismissal. The bankruptcy court's order of dismissal further provides that the court shall retain jurisdiction over all claims by petitioners against certain professionals involved in the bankruptcy proceedings and that the order would be rescinded in the event of a breach of any term or condition of the order. An "Amended Notice of Conditional Dismissal of Case" was entered by the bankruptcy court on May 11, 1995, stating: "Notice is given

---

[3] 11 U.S.C. sec. 1112(b) (1988), provides that the bankruptcy court may convert a case under chapter 11 to a case under chapter 7 or dismiss the case, whichever is in the best interests of the creditors and the estate, for cause.

that on the 21st day of March, 1995 subject to the terms and conditions stated in the Order of Dismissal filed March 21, 1995 the above captioned matter be and hereby is dismissed." Neither the bankruptcy court's order of dismissal nor the amended notice contains any reference to the automatic stay imposed under 11 U.S.C. section 362(a) (1988).

On or about May 17, 1995, petitioners filed an appeal in respect of the bankruptcy court's order of dismissal. The record does not reflect the disposition of petitioners' appeal.

On July 26, 1995, this Court issued an order in each case directing petitioners to show cause why the stay of proceedings herein should not be lifted and these cases restored to the general docket. On August 16, 1995, petitioners filed a response in each case stating that the conditions for dismissal set forth in the bankruptcy court's order have not been met and that their bankruptcy case has not been closed. It appears to be petitioners' position that the proceedings in this Court should be stayed until such time as their bankruptcy case is closed.

A hearing was conducted in these cases in Washington, D.C., on September 20, 1995. Counsel for respondent appeared at the hearing and presented argument in respect of the Court's orders to show cause. Although petitioners were not represented at the hearing, they did file a brief written statement in each case with the Court pursuant to Rule 50(c).

## Discussion

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and the equitable distribution of his assets among his creditors. See H. Rept. 95-595, at 340 (1977). One of the key elements to achieving these aims is the automatic stay that generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate. See Halpern v. Commissioner, 96 T.C. 895, 897-898 (1991). When operative, the automatic stay serves to preclude the commencement or continuation of proceedings in this Court. Relevant here, 11 U.S.C. section 362(a)(8) (1988), provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of --
>
> \* \* \* \* \* \* \*
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

In short, the filing of a bankruptcy petition invokes the automatic stay which normally precludes the commencement or continuation of proceedings in this Court. Allison v. Commissioner, 97 T.C. 544, 545 (1991).

The period that the automatic stay remains in effect is prescribed in 11 U.S.C. section 362(c) (1988), as follows:

(c) Except as provided in subsections (d), (e), and (f) of this section--

 (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

 (2) the stay of any other act under subsection (a) of this section continues until the earliest of--

  (A) the time the case is closed;

  (B) the time the case is dismissed; or

  (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

Thus, unless relief from the automatic stay is granted by order of a bankruptcy court (see 11 U.S.C. sec. 362(d) (1988)), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge.  11 U.S.C. sec. 362(c)(2) (1988); see also Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).

There is no dispute in these cases that the automatic stay became operative on April 5, 1993--the date that petitioners filed their chapter 11 bankruptcy petition.  The question is whether the automatic stay was terminated in these cases as a consequence of the bankruptcy court's order of dismissal issued March 21, 1995.

Petitioners contend, without citing any authority, that the bankruptcy court's order providing for the conditional dismissal of their case is not sufficient to terminate the automatic stay. Relying on cases such as Allison v. Commissioner, supra, and Smith v. Commissioner, supra, respondent maintains that, despite the conditions set forth therein, the bankruptcy court's order of dismissal terminated the automatic stay. We agree with respondent.

As previously discussed, the automatic stay imposed under 11 U.S.C. section 362(a)(8) (1988), generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2) (1988); Smith v. Commissioner, supra at 14. Though not expressly cited in the order of dismissal, it is evident that the bankruptcy court dismissed petitioners' case pursuant to 11 U.S.C. section 1112(b) (1988), which provides that the bankruptcy court may, for cause, convert a case under chapter 11 to a case under chapter 7 or dismiss the case, whichever is in the best interests of the creditors and the bankruptcy estate. The dismissal of a chapter 11 bankruptcy case pursuant to 11 U.S.C. section 1112(b) (1988), generally terminates the automatic stay. See In re 266 Washington Associates, 141 Bankr. 275, 288 (Bankr. E.D.N.Y. 1992); In re Lumber Exchange Ltd. Partnership, 125 Bankr. 1000 (Bankr. D. Minn. 1991), affd. 968 F.2d 647 (8th Cir.

1992); In re Lindbergh Plaza Associates, L.P., 115 Bankr. 202 (Bankr. E.D. Mo. 1990). In Olson v. Commissioner, 86 T.C. 1314 (1986), we concluded that dismissal of a bankruptcy case pursuant to 11 U.S.C. section 1112(b) (Supp. III, 1979), served to terminate the automatic stay under 11 U.S.C. section 362(c)(2)(B) (Supp. III, 1979).

Unlike the order of dismissal at issue in Olson v. Commissioner, supra, the bankruptcy court's order of dismissal in these cases imposes certain terms and conditions on petitioners and provides that the bankruptcy court would retain jurisdiction in the case for certain issues. Although we are not aware of any case involving an order of dismissal with these specific characteristics, we nonetheless conclude that the automatic stay imposed under 11 U.S.C. section 362(a)(8) (1988), terminated with the issuance of the bankruptcy court's order of dismissal.

Viewing the order of dismissal as a whole, that order reflects the bankruptcy court's intention to dismiss petitioners' case while retaining jurisdiction over the matter for the purpose of resolving any collateral disputes that might arise as a consequence of enforcement of the conditions set forth therein. There is no link between the conditions imposed by the bankruptcy court in its order of dismissal and the policies to be furthered by the automatic stay. Similarly, the bankruptcy court's decision to dismiss the case, while retaining jurisdiction, does

not provide a basis for concluding that the automatic stay remains in effect. See Moody v. Commissioner, 95 T.C. 655, 661 (1990); see also Allison v. Commissioner, supra at 546; Roth v. Commissioner, T.C. Memo. 1993-229. Further, petitioners' appeal of the bankruptcy court's order of dismissal, standing alone, does not provide a basis for concluding that the automatic stay remains in effect. See Olson v. Commissioner, supra at 1318 (absent an order staying dismissal, the automatic stay is terminated upon dismissal).

In concluding that the bankruptcy court's order of dismissal terminated the automatic stay in these cases, we find it particularly significant that the order makes no mention of the status of the automatic stay. Consistent with the approach taken by this Court in Allison v. Commissioner, supra at 546-547, and Kieu v. Commissioner, 105 T.C. ___ (1995), we proceed on the premise that the automatic stay is terminated upon dismissal of a bankruptcy case (whether conditional or otherwise) absent a clear indication from the bankruptcy court to the contrary. See Zimmerman v. Commissioner, 105 T.C. 220 (1995). Mindful that the automatic stay respecting the commencement or continuation of proceedings in this Court was adopted in part to avert duplicative and inconsistent litigation over tax issues (see Halpern v. Commissioner, 96 T.C. at 902), we note that a bankruptcy court has the means to bring about a stay of the

proceedings in this Court in the event it intends to rule with respect to petitioners' tax liabilities.  See <u>Allison v. Commissioner</u>, 97 T.C. at 547 (referring to 11 U.S.C. section 105 (1988), which permits the bankruptcy court to issue any order necessary to carry out title 11).

Consequently, we will proceed in these cases consistent with the view that the automatic stay was terminated on March 21, 1995.  In this regard, the Court's orders dated July 26, 1995, directing petitioners to show cause why the stay of these proceedings should not be lifted will be made absolute, and these cases will be restored to the general docket for trial on the merits or other disposition in due course.

To reflect the foregoing,

<u>Appropriate orders will be issued</u>.