T.C. Memo. 1997-170


UNITED STATES TAX COURT


ESMAT A. ZAKLAMA AND SYLVIA ZAKLAMA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7455-93.                          Filed April 7, 1997.


      In 1993, R issued a notice of deficiency for Ps'
1989 taxable year.  Ps subsequently filed for
bankruptcy, and, while the automatic stay of 11 U.S.C.
sec. 362(a) was in effect, Ps petitioned this Court, to
redetermine the amounts in the notice of deficiency.
On July 22, 1993, the Court dismissed Ps' case for lack
of jurisdiction due to the automatic stay.  On
March 21, 1995, the bankruptcy court annulled the
automatic stay stating that the bankruptcy filing and
the automatic stay were void ab initio.  On May 7,
1996, Ps moved this Court for leave to file a motion to
vacate our order of dismissal.
      <u>Held</u>:  Petitioners' motion for leave will be
denied.


      <u>Herbert L. Zuckerman</u>, <u>Robert J. Alter</u>, and

<u>Richard J. Sapinski</u>,  for petitioners.

- 2 -

Steven W. Ianacone and Peter K. Reilly, for respondent.


MEMORANDUM OPINION

LARO, Judge:  Esmat A. and Sylvia Zaklama move the Court to
grant leave to file a motion to vacate our order dismissing their
case for lack of jurisdiction.  The motion for leave will be
denied.  Unless otherwise noted, section references are to the
Internal Revenue Code applicable to the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

Background

Respondent determined a $101,628 deficiency in petitioners'
1989 Federal income tax and a $20,326 penalty under section 6662.
On January 26, 1993, respondent issued petitioners a notice of
deficiency reflecting these amounts.  On April 14, 1993,
petitioners, while residing in Jersey City, New Jersey,
petitioned the Court to redetermine the amounts shown in the
notice of deficiency.

Respondent moved to dismiss petitioners' case for lack of
jurisdiction.  Respondent asserted that petitioners had filed for
bankruptcy on April 5, 1993, and that the automatic stay
provisions of 11 U.S.C. sec. 362(a)(8) (1988) were effective when
petitioners petitioned this Court.  On July 22, 1993, we granted
respondent's motion and entered a decision that we lacked
jurisdiction.

On March 21, 1995, the bankruptcy court annulled petitioners' petition to that court, stating that both the petition and the automatic stay were void ab initio. The bankruptcy court stated that "the filing of a petition with the United States Tax Court on April 14, 1993, is not in violation of the automatic stay as a result of the annulment of the automatic [stay] effected by this order."

On May 7, 1996, petitioners filed with this Court the motion at hand. Petitioners alleged that the bankruptcy court's order "nullifies the bankruptcy application and restore [sic] the Tax Court jurisdiction." Petitioners alleged that their petition to this Court was timely and requested that we reinstate their case.

## Discussion

Petitioners desire to file a motion to vacate the decision of this Court dismissing their case for lack of jurisdiction. Rule 162 provides that such a motion must be filed within 30 days after the decision is entered, unless the Court allows otherwise. Because petitioners failed to make such a motion within this 30-day period, petitioners must request leave from the Court to file their motion out of time. Whether to grant petitioners' motion for an untimely filing is within the sound discretion of this Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.

Petitioners did not file a notice of appeal or a timely motion to vacate or revise our decision which was entered on July 22, 1993. Accordingly, our decision became final on October 20, 1993. See secs. 7459(c), 7481(a)(1). Once a decision becomes final, our jurisdiction to vacate it is restricted. Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Lasky v. Commissioner, 235 F.2d 97, 100 (9th Cir. 1957), affg. 22 T.C. 13 (1954). We shall vacate a final decision only in certain limited cases. For example, this Court and some Courts of Appeals have ruled that we may vacate a final decision if it is shown to be void, or a legal nullity, for lack of jurisdiction over either the subject matter or the party, see Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978), or if it was obtained through fraud on the Court, see Abatti v. Commissioner, supra; Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 n.1 (2d Cir. 1975); Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972); Casey v. Commissioner, T.C. Memo. 1992-672. The Court of Appeals for the Fifth Circuit also has indicated that we have the power to vacate a final decision which is based on a mutual mistake of fact. See La Floridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d

630 (5th Cir. 1933). But cf. <u>Harbold v. Commissioner</u>, 51 F.3d 618, 621-622 (6th Cir. 1995).

Petitioners do not allege that the decision is the result of a mutual mistake or fraud on the Court, or that the Court's order dismissing their case for lack of jurisdiction was erroneous when entered. As we understand petitioners' argument, we now have jurisdiction over their case because the bankruptcy court said we do. Whether petitioners are correct that the bankruptcy court can bestow jurisdiction on this Court retrospectively by voiding an automatic stay ab initio we need not decide. Petitioners failed to move this Court timely, and they have failed to set forth any good reason why they did not. Petitioners have failed to persuade us that we should file their motion to vacate at this late time.

Petitioners have had a number of opportunities to maintain their case before this Court. For example, they could have moved the bankruptcy court for permission to petition this Court during the period that would otherwise be covered by the automatic stay. Likewise, they could have petitioned this Court after the automatic stay was lifted on March 21, 1995. When an automatic stay is in effect, section 6213(f) suspends the 90-day period in which a taxpayer must petition the Court, see sec. 6213(a), and gives the taxpayer at least 60 days in which to petition this Court following the lifting of the automatic stay.

<u>Zimmerman v. Commissioner</u>, 105 T.C. 220 (1995).  Petitioners have not explained why they did not avail themselves of any of these opportunities.

We will deny petitioners' motion to file their motion to vacate out of time.  In so doing, we have considered all of petitioners' arguments for a contrary result, and, to the extent not addressed above, have found them to be without merit or irrelevant.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.