110 T.C. No. 20


UNITED STATES TAX COURT


JUDITH K. GUERRA, A.K.A. JUDITH HARVEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4225-97.                     Filed April 8, 1998.


On June 25, 1992, P filed a bankruptcy petition
under chapter 13 of the Bankruptcy Code. On Dec. 16,
1996, R issued a notice of deficiency to P for the
taxable year 1993. On Jan. 21, 1997, the bankruptcy
court issued an order dismissing P's case pursuant to
11 U.S.C. sec. 1307 (1994). On Jan. 31, 1997, P filed
a motion for reconsideration with the bankruptcy court.
On Feb. 12, 1997, the bankruptcy court issued an order
granting P's motion for reconsideration and reinstating
petitioner's case. On Mar. 3, 1997, petitioner filed a
petition for redetermination with the Court. R filed a
motion to dismiss for lack of jurisdiction on the
ground that the petition was filed in violation of the
automatic stay imposed under 11 U.S.C. sec. 362(a)(8)
(1994).

Held: The bankruptcy court's order dated Jan. 21,
1997, dismissing P's bankruptcy case pursuant to 11
U.S.C. sec. 1307 (1994), served to terminate the
automatic stay imposed under 11 U.S.C. sec.
362(a)(8)(1994). See 11 U.S.C. sec. 362(c)(2)(C)
(1994). Held, further: The bankruptcy court's order

dated Feb. 12, 1997, although vacating the bankruptcy court's order dated Jan. 21, 1997, is silent respecting the status of the automatic stay, and, thus, the automatic stay was not reinstated. See <u>Allison v. Commissioner</u>, 97 T.C. 544 (1991). <u>Held</u>, <u>further</u>: The petition filed herein was not filed in violation of the automatic stay, and P properly invoked this Court's jurisdiction. Sec. 6213(f), I.R.C.

Judith K. Guerra, pro se.

<u>Robert A. Varra</u> and <u>Peter K. Reilly</u>, for respondent.


OPINION

DAWSON, <u>Judge</u>: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(3) and Rule 182.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The question to be decided is whether the petition for redetermination was filed with the Court in violation of the so-called automatic stay imposed pursuant to 11 U.S.C. sec. 362(a)(8) (1994).

Background

On June 25, 1992, petitioner and Carlos Manuel Guerra,

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner's husband, filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Colorado.

On December 16, 1996, respondent mailed a notice of deficiency to petitioner determining a deficiency in her Federal income tax for 1993 in the amount of $7,813, as well as additions to tax in the amounts of $1,819 and $302.30 pursuant to sections 6651(a) and 6654, respectively.

On January 21, 1997, the bankruptcy court entered an order granting the bankruptcy trustee's motion to dismiss petitioner's case.[2]  The bankruptcy court's order states in pertinent part:

> THIS MATTER having come before the Court upon the Motion to Dismiss the Chapter 13 case filed by the Standing Chapter 13 Trustee, it is:

> ORDERED that the within case be and is hereby dismissed pursuant to the provisions of 11 USC Section 1307.

> FURTHER ORDERED that, in accordance with 11 USC Section 349(b)(1) and (2), any transfer avoided under Section 522, 544, 545, 547, 548, 549 or 724(a) of Title 11 or preserved under Section 510(c)(2), 522(i)(2) or 551 of Title 11 is reinstated; any lien voided under Section 506(d) of Title 11 is reinstated; and any order, judgment, or transfer ordered under Section 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

> FURTHER ORDERED that funds in the hand of the Standing Chapter 13 Trustee in said case, if any, which are lawfully payable to the creditors will be distributed by said Trustee within ninety (90) days from the date of this Order.

---

[2]  It appears that the bankruptcy trustee filed the motion to dismiss on the ground that petitioner had failed to make a payment due under the chapter 13 plan.

The order does not impose any stay of proceedings and does not mention the status of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (1994).

On January 31, 1997, petitioner and her husband filed a motion to reconsider with the bankruptcy court regarding the dismissal of their case. On February 12, 1997, the bankruptcy court issued an order granting petitioner's motion to reconsider as follows:

> THIS MATTER comes before the Court on Debtor's Motion to Reconsider Order Dismissing Chapter 13 Case entered January 21, 1997. The Court, having reviewed the file and being advised in the premises, hereby ORDERS as follows:
>
> 1. The Motion to Reconsider is GRANTED;
>
> 2. The Order entered January 21, 1997, dismissing this case is VACATED;
>
> 3. This case is hereby REINSTATED.
>
> 4. Debtor will be current with the Trustee within ten days from the date of this order.

The order does not mention the status of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (1994).

On March 3, 1997, petitioner filed a petition for redetermination with the Court.[3] In response, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition was filed in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (1994).

---

[3] At the time the petition was filed, petitioner resided at Denver, Colorado.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a),(c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

An exception to the normal 90-day filing period arises where the taxpayer has filed a petition for relief under the Bankruptcy Code. In particular, 11 U.S.C. sec. 362(a)(8) (1994) provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of--
>
> *       *       *       *       *       *       *
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

In short, the filing of a bankruptcy petition invokes the

automatic stay which precludes the commencement or continuation of proceedings in this Court. <u>Kieu v. Commissioner</u>, 105 T.C. 387, 391 (1995); <u>Allison v. Commissioner</u>, 97 T.C. 544, 545 (1991).

Although respondent is free to issue a notice of deficiency to a taxpayer that has filed a bankruptcy petition, see 11 U.S.C. sec. 362(b)(9) (1994),[4] the normal 90-day period for filing a timely petition with this Court is suspended for the period during which the taxpayer is prohibited by reason of the automatic stay from filing a petition in this Court and for 60 days thereafter, sec. 6213(f); <u>Olson v. Commissioner</u>, 86 T.C. 1314, 1318-1319 (1986), and cases cited therein.

The period that the automatic stay remains in effect is prescribed in 11 U.S.C. sec. 362(c) (1994) as follows:

> (c) Except as provided in subsections (d), (e), and (f) of this section--
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

---

[4] 11 U.S.C. sec. 362(b)(9) (1994) provides in pertinent part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay--
>
> (9) under subsection (a),--
>
> *      *      *      *      *      *      *
>
> (B) of the issuance to the debtor by a governmental unit of a notice of tax deficiency;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of--

    (A) the time the case is closed;

    (B) the time the case is dismissed; or

    (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

In sum, unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d) (1994), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge, 11 U.S.C. sec. 362(c)(2) (1994); see Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).

In the instant case, respondent issued a notice of deficiency to petitioner on December 16, 1996, during the pendency of petitioner's bankruptcy case. See 11 U.S.C. sec. 362(b)(9) (1994). There is no dispute that petitioner was precluded by the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (1994) from filing a petition with this Court at the time the notice of deficiency was issued.

The issue to be decided is whether the automatic stay remained in effect in this case following the dismissal and subsequent reinstatement of petitioner's bankruptcy case. If the automatic stay remained in effect, then the petition filed in

this case on March 3, 1997, must be dismissed.  On the other hand, if the automatic stay was terminated, it follows that the petition was timely filed pursuant to section 6213(f)(1).

Respondent contends that the automatic stay remained in effect at all times in this case, notwithstanding the dismissal of petitioner's bankruptcy case on January 21, 1997.  First, respondent maintains that, by virtue of Bankruptcy rule 9023,[5] petitioner's motion to reconsider, filed with the bankruptcy court within 10 days of the issuance of the dismissal order, is treated as a motion under rule 59 of the Federal Rules of Civil Procedure.  Respondent contends that, under the latter rule, the bankruptcy court's dismissal order did not become final.[6]

---

[5]  Bankruptcy rule 9023 states:  "Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008." 11 U.S.C. App. at 969 (1994).

[6]  Fed. R. Civ. P. 59 states in pertinent part:

(a) Grounds.  A new trial may be granted to all or any of the parties and on all or part of the issues * * *(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(b) Time for Motion.  A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

\*      \*      \*      \*      \*      \*

(continued...)

Respondent reasons that, because the dismissal order never became final, and consistent with the bankruptcy court's subsequent decision to reinstate petitioner's bankruptcy case, the automatic stay remained in effect at all times.  In the alternative, respondent contends that the bankruptcy court's February 12, 1997 order reinstating petitioner's case caused the automatic stay to be reinstated on that date.

Contrary to respondent's position, we conclude that the bankruptcy court's January 21, 1997, order of dismissal terminated the automatic stay.  Under the circumstances, we are not satisfied that petitioner's motion for reconsideration precluded the bankruptcy court's order of dismissal from becoming final insofar as that order served to terminate the automatic stay. Respondent cites no direct authority for the proposition that the filing of petitioner's motion for reconsideration with the bankruptcy court caused the automatic stay to remain in effect.  On the other hand, at least one appellate court has held that the automatic stay terminated immediately upon the dismissal of the debtor's bankruptcy case for failure to properly prosecute, notwithstanding that the debtor undertook to file a motion for reconsideration with the bankruptcy court within 10 days of the order of dismissal.  See In re De Jesus Saez, 721

---

⁶(...continued)
     (e) Motion to Alter or Amend Judgment.  A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

F.2d 848 (1st Cir. 1983)(applying Bankruptcy rule 762--the predecessor to Bankruptcy rule 7062);[7] see also In re Franklin Mortgage & Investment Co., 144 Bankr. 194, 194-195 (Bankr. D.C. 1992); In re Barnes, 119 Bankr. 552, 555 (S.D. Ohio 1989); In re Weston, 101 Bankr. 202, 204-206 (Bankr. E.D. Cal. 1989), affd. without published opinion 123 Bankr. 466 (B.A.P. 9th Cir. 1991), affd. without published opinion 967 F.2d 596 (9th Cir. 1992); In re Bluford, 40 Bankr. 640, 644 (Bankr. W.D. Mo. 1984).

Respondent has failed to reconcile respondent's interpretation of Bankruptcy rule 9023 with the interpretation of

---

[7] Bankruptcy rule 7062 states in pertinent part: "Rule 62 FR Civ P applies in adversary proceedings.  An order granting relief from an automatic stay provided by section 362 * * * shall be [one of the] additional exceptions to Rule 62(a)."  Fed. R. Civ. P. 62 provides (with exceptions) that a judgment generally shall not be enforced until 10 days after its entry.

3 Norton, Bankruptcy Law and Practice, sec. 78.06 (1992) discusses the effect of Bankruptcy rule 7062 as follows:

> By the terms of [Bankruptcy] Code section 362(c), the automatic stay terminates at the time a bankruptcy case is dismissed.  A request for dismissal of a bankruptcy case, filed by a party other than the debtor, will generally be in the form of a motion and will constitute a contested matter under Bankruptcy rule 9014.  As provided in that Rule, Bankruptcy rule 7062 applies in contested matters, and thus if an order of dismissal is "an order granting relief from an automatic stay" as described in Bankruptcy rule 7062, then it can be argued that an order for dismissal is not subject to the 10-day stay of proceedings described in Rule 62(a) of the Federal Rules of Civil Procedure. Given that an order of dismissal has the effect of terminating the automatic stay, it is arguable that a dismissal order falls within the terms of Bankruptcy rule 7062 and constitutes immediate relief from the stay.  [Fn. ref. omitted.]

Bankruptcy rule 7062 set forth in the authorities cited above. Based upon the record presented, we hold that the bankruptcy court's January 21, 1997, order of dismissal terminated the automatic stay.

We likewise reject respondent's alternative argument that the automatic stay was reinstated at the same time that the bankruptcy court granted petitioner's motion for reconsideration and reinstated petitioner's case. As previously discussed, the automatic stay is imposed upon the filing of a bankruptcy petition and generally is terminated when the bankruptcy case is closed or dismissed or a discharge is granted or denied.

The Court has previously considered whether the automatic stay was reinstated in circumstances analogous to those presented in the instant case. In Kieu v. Commissioner, 105 T.C. 387 (1995), the Court held that the automatic stay terminated when the bankruptcy court entered an order granting summary judgment that the debtors/taxpayers were not entitled to a discharge of their debts. The Court further held that the automatic stay was not reinstated when the bankruptcy court vacated its earlier order. Similarly, in Allison v. Commissioner, 97 T.C. 544 (1991), the Court held that the automatic stay terminated when the bankruptcy court granted the debtor/taxpayer a discharge of indebtedness and that the automatic stay was not reinstated when the bankruptcy court subsequently reopened the case. See Moody v. Commissioner, 95 T.C. 655 (1990) (automatic stay terminated

upon bankruptcy court's confirmation of a chapter 11 plan and automatic stay was not reinstated despite the bankruptcy court's decision to retain jurisdiction over the case).

Respondent argues that the above-referenced cases, and particularly Kieu v. Commissioner, supra, can be factually distinguished from the present case insofar as petitioner's bankruptcy case was reinstated before petitioner filed her petition for redetermination with the Court.  Respondent relies on In re Diviney, 211 Bankr. 951 (Bankr. N.D. Okla. 1997), for the proposition that the bankruptcy court's reinstatement of petitioners' bankruptcy case caused the automatic stay to be reinstated.

Although we agree that In re Diviney, supra, stands for the proposition cited by respondent, we are not persuaded that we are obliged to find that the automatic stay was reinstated in this case.  To the contrary, we adhere to Allison v. Commissioner, supra at 546-547, and specifically Kieu v. Commissioner, supra at 395, in which we held:

> While an argument might be made that the bankruptcy court's intent to reinstate the automatic stay in the present case may be inferred from the fact that the bankruptcy court vacated its order [granting the creditors' motion for summary judgment], we decline to decide the issue presented in this case on such an assumption.  We are mindful that the automatic stay respecting the commencement or continuation of proceedings in this Court was adopted in part to avert duplicative and inconsistent litigation over tax issues.  Halpern v. Commissioner, 96 T.C. 895, 902 (1991).  Given the consequences, however, that follow from a determination respecting the status of the automatic stay, the soundest approach is to adhere to

the reasoning in <u>Allison v. Commissioner</u>, <u>supra</u>. Simply stated, where a bankruptcy court has taken action that serves to terminate the automatic stay under 11 U.S.C. sec. 362(c)(2), the automatic stay remains terminated absent an express indication from the bankruptcy court to the contrary. Certainly, if a bankruptcy court intends to exercise its jurisdiction to resolve the issues surrounding petitioners' tax liability, that court has the means to bring about a stay of the proceedings in this Court. See <u>Allison v. Commissioner</u>, <u>supra</u> at 547 (referring to 11 U.S.C. sec. 105 (1994), which permits the bankruptcy court to issue any order necessary to carry out title 11).

In accordance with the foregoing, we hold that the automatic stay was terminated as of January 21, 1997, the date that the bankruptcy court issued its order dismissing petitioner's case. Further, we hold that the automatic stay was not revived when the bankruptcy court reinstated petitioner's case on February 12, 1997. Because the automatic stay was not in effect on the date that petitioner filed her petition for redetermination with the Court, we conclude that petitioner properly invoked the Court's jurisdiction, and we will deny respondent's Motion to Dismiss for Lack of Jurisdiction.

To reflect the foregoing,

<u>An order denying respondent's Motion to Dismiss for Lack of Jurisdiction will be issued</u>.