T.C. Memo. 1999-21


UNITED STATES TAX COURT


JAMES F. McGUIRL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9715-96.                    Filed January 29, 1999.


James F. McGuirl, pro se.

<u>William J. Gregg</u> and <u>William P. Simonsen</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos, pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

---

[1]  Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  Respondent determined a deficiency in petitioner's 1993 Federal income tax in the amount of $5,851 and additions to tax under sections 6651(a) and 6654(a) in the amounts of $1,462 and $245[2], respectively.  In an answer to an amended petition, respondent asserted an increased deficiency in the amount of $22,844, and an increase in additions to tax under sections 6651(a) and 6654(a) in the amounts of $5,430 and $905, respectively.  In an amended answer to the amended petition, respondent asserted an additional increase in deficiency in the amount of $136,975, and an additional increase in additions to tax under sections 6651(a) and 6654(a) in the amounts of $34,525 and $5,711, respectively.  After concessions by respondent, the deficiency in income tax remaining in dispute is $25,366.  The additions to tax under sections 6651(a) and 6654(a) remaining in dispute are $6,061 and $1,015, respectively. At the time of filing the petition, petitioner resided in Washington, D.C.

The issues remaining for decision are:  (1) Whether petitioner is precluded from claiming a net operating loss carryover from 1987 and 1988 to 1993 in the amount of $114,000 (or any greater amount); (2) whether petitioner is subject to the

_____

[2]    For convenience, all sums have been rounded to the nearest dollar amount.

addition to tax under section 6651(a) for failure to file a timely return; and (3) whether petitioner is subject to the addition to tax under section 6654 for failure to pay estimated income tax.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

Petitioner was employed by the Federal Government during the period 1970 through 1988. Petitioner has a master's degree in library science, a master's degree in international law, and a bachelor of laws degree. Petitioner and his spouse (the McGuirls) owned several businesses and rental properties during the 1980's.

1. The Bankruptcy Proceeding

The McGuirls were the subject of an involuntary petition in bankruptcy filed under chapter 7 of the Bankruptcy Code on March 2, 1990. The petition was filed in the U.S. Bankruptcy Court for the District of Columbia. The case was converted to a chapter 11 case for a short period of time in 1990, before being converted back to a chapter 7 case. On January 25, 1994, the bankruptcy court denied the McGuirls a discharge in the bankruptcy proceeding.[3]

---

[3] With certain exceptions, the filing of a petition under the Bankruptcy Code operates as a stay of any civil action or proceeding concerning the debtor or the debtor's property. 11
(continued...)

On August 4, 1995, the trustee of the bankruptcy estate filed a proposed final account with the bankruptcy court. On August 7, 1995, the trustee filed a final report with the bankruptcy court. On August 24, 1995, the McGuirls filed an objection to the proposed final account. On October 13, 1995, the bankruptcy court approved the trustee's final application for compensation and ordered the final distribution of funds on hand in petitioner's bankruptcy estate.

Petitioner subsequently appealed the order providing for the trustee's compensation and fees that were approved by the bankruptcy court. At the time of trial on the matter before us: (1) Undisbursed funds remained in the bankruptcy estate's account; (2) the bankruptcy court had not discharged the trustee of the estate, nor had the bankruptcy court ordered the estate closed; and (3) the estate in petitioner's bankruptcy case remained open pending the conclusion of litigation between the McGuirls and the trustee of the bankruptcy estate.

2. The Proceeding in the Tax Court

Respondent issued a statutory notice of deficiency to petitioner for the 1993 taxable year on February 20, 1996.[4] The

---

[3](...continued)
U.S.C. 362(a), (b) (1994); In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631, 637 (3d Cir. 1998). The stay is lifted upon the earlier of the closing of the case, the dismissal of the case, or upon the granting or denial of a discharge. 11 U.S.C. 362(c)(2) (1994); Guerra v. Commissioner, 110 T.C. 271, 275 (1998).

[4]     Respondent issued separate statutory notices of
(continued...)

notice of deficiency was based on a substitute for return prepared by respondent, as petitioner had not filed a 1993 Federal income tax return at the time.  Respondent determined a deficiency in petitioner's income tax, an addition to tax under section 6651(a) for failure to file a return, and an addition to tax under section 6654(a) for failure to make estimated tax payments.

On May 20, 1996, a petition was filed with this Court. Petitioner asserted, among other things, that this Court did not have jurisdiction over him due to the chapter 7 bankruptcy proceeding.  On June 7, 1996, petitioner filed a motion to dismiss the petition for lack of jurisdiction.  On August 7, 1996, we denied petitioner's motion, as the stay imposed under 11 U.S.C. sec. 362(a) (1994) was no longer in effect due to the denial of petitioner's discharge in bankruptcy on January 25, 1994.  On August 14, 1996, petitioner submitted to the Internal Revenue Service a joint Federal income tax return for the taxable year 1993, reporting income in the amount of $138,990.[5]  On November 15, 1996, petitioner filed an amended petition with this Court.  On December 27, 1996, respondent filed an answer to the amended petition, claiming an increased deficiency and increased

_____

[4](...continued)
deficiency to both petitioner and his spouse, Marlene McGuirl, for the taxable year 1993.  Marlene McGuirl has not petitioned this Court.

[5]    The amount of income reported on the return is not in dispute.

additions to tax based on the submitted return.[6]  In an amended
answer to the amended petition, respondent asserted an additional
increase in deficiency and additions to tax.[7]

3.  Tax Return Information

The pertinent information in this record regarding
petitioner's Federal income tax returns is as follows:

| Tax Year[1] | Date Filed | NOL Claimed | NOL Carryover | Year From Which NOL Claimed[2] |
|---|---|---|---|---|
| 1984 | --- | --- | --- | --- |
| 1985 | --- | --- | --- | --- |
| 1986 | timely | $17,501 | --- | --- |
| 1987 | 5/5/88 | 57,738 | --- | --- |
| 1988 | timely | 194,301 | --- | --- |
| 1989 | 1/22/97 | 873,917 | --- | --- |
| 1990 | timely | 11,163 | --- | --- |
| 1991 | timely | --- | $22,331 | 1986 |
| 1992 | 8/30/96 | --- | 59,669 | 1987/1988 |
| 1993 | 8/14/96 | --- | 114,000 | 1987/1988 |

[1]  Petitioner filed joint income tax returns with his spouse
for all tax years in question.

[2]  Information relating to petitioner's 1984 and 1985 tax
years has not been made part of this record.

---

[6]     Respondent bears the burden of proof on any increase in
deficiency.  Rule 142(a).  The increase in deficiency is based on
the amount of income reported on petitioner's delinquent 1993
income tax return, filed after the petition was filed in this
case.  Since petitioner has reported the income and does not
otherwise dispute the receipt of the income as reported,
respondent's burden of proof has been met.

[7]     Respondent subsequently conceded the item of income
resulting in the request for an increase in deficiency, along
with additional Schedule A itemized deductions claimed by
petitioner.  Respondent's burden of proof on this increase in
deficiency is therefore not an issue.

Discussion

    1.  Net Operating Loss Carryover From 1988 Taxable Year

        A.  Section 172

In general, section 172 allows a deduction for an amount equal to the aggregate of the net operating loss carryover to a taxable year plus the net operating loss carryback to that year. Sec. 172(a). Section 172(b), as in effect for the year in issue, required that a net operating loss first be carried back to each of the 3 previous taxable years and, if unabsorbed by those years, that the remaining portion be carried forward to the 15 following taxable years. Sec. 172(b)(1) and (2).

Section 172(b)(3), however, provides that a taxpayer may elect to relinquish the entire carryback period and carry forward the loss to the taxable years following the loss year. That section further provides that:

> Such election shall be made in such manner as may be prescribed by the Secretary, and shall be made by the due date (including extensions of time) for filing the taxpayer's return for the taxable year of the net operating loss for which the election is to be in effect. Such election, once made for any taxable year, shall be irrevocable for such taxable year.

Respondent contends that petitioner is precluded from claiming a net operating loss carryover from taxable year 1987 or 1988 because petitioner has not filed an election as required under section 172(b)(3) to waive the 3-year carryback period. Petitioner did not file an election under section 172(b)(3) which would permit the carry forward of any unabsorbed net operating losses to the taxable year 1993. If the election under section

172(b)(3) is not made, section 172(b)(2) provides that a carryover is allowable only to the extent that the loss exceeds the taxable income for the years of a carryback, regardless of whether a carryback was in fact claimed. Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 441-442 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975); sec. 1.172-4(b)(1) and (2), Income Tax Regs.

Since petitioner did not make an election under section 172(b)(3) to carry over his net operating losses to subsequent tax years, the net operating loss claimed for 1987 would have to be carried back to taxable year 1984 before carrying any unused portion of the net operating loss forward. Also, the net operating loss claimed for 1988 would have to be carried back to taxable year 1985 before carrying any unused portion of the net operating loss forward.

In the instant case, there is no evidence that the 1987 or 1988 net operating loss would not have been absorbed through the operation of the 3-year carryback. We agree with respondent and conclude that petitioner is not entitled to the claimed net operating loss carryover.

B.  Section 1398

Section 1398 applies to any case under chapter 7 or 11 of title 11 of the United States Code in which the debtor is an individual. Sec. 1398(a). Since petitioner is a debtor in a chapter 7 bankruptcy proceeding, section 1398 applies in the instant case.

Section 1398 provides that the bankruptcy estate of the debtor succeeds to, inter alia, any net operating loss carryovers of the debtor. Sec. 1398(g). In addition, section 1398 provides that the debtor shall succeed to, inter alia, any remaining net operating loss carryovers of the bankruptcy estate upon the termination of the estate. Sec. 1398(i).

A bankruptcy estate is created in an involuntary case upon the filing of the petition with the bankruptcy court. Bankruptcy Code, 11 U.S.C. sec. 303 (1978). At that time, certain tax attributes, including any net operating losses, determined as of the first day of the debtor-taxpayer's taxable year in which the bankruptcy case commences, become part of the estate, and no longer belong to the debtor-taxpayer. Sec. 1398(g); Kahle v. Commissioner, T.C. Memo. 1997-91.

Any remaining net operating loss belonging to the estate will be returned to the debtor-taxpayer after the termination of the estate. Sec. 1398(i). "Termination of the estate" refers to the closing of the estate. Bankruptcy Code, 11 U.S.C. sec. 346(i)(2) (1978); see also Firsdon v. United States, 95 F.3d 444, 446 (6th Cir. 1996), affg. 75 AFTR 2d 95-528, 95-1 USTC par. 50,040 (N.D. Ohio 1994); Beery v. Commissioner, T.C. Memo. 1996-464. The debtor is then free to use the net operating loss as a carryover, sec. 1398(i), or carryback, as long as the net operating loss arose before the commencement of the bankruptcy case. Sec. 1398(j)(2)(B).

Respondent contends that, even if petitioner were able to satisfy the requirements of section 172, petitioner would be barred from claiming the net operating loss carryover due to the provisions of section 1398. Petitioner contends the bankruptcy estate was terminated in October 1995 when the bankruptcy court ordered the final distribution of funds on hand in petitioner's bankruptcy estate. At that time, the trustee had previously filed a final report with the bankruptcy court. Hence, petitioner claims he is entitled to utilize the net operating losses remaining in the bankruptcy estate for his 1993 taxable year.[8] For the reasons discussed below, we find that the bankruptcy estate has not terminated, and we hold that petitioner was not yet entitled to utilize any net operating losses remaining in the bankruptcy estate as provided under section 1398(i).

As stated above, the termination of the estate is the equivalent of the closing of the estate. In order for a bankruptcy estate to be closed, upon the full administration of the estate and the discharge of the trustee, the bankruptcy court issues a final decree closing the case. 11 U.S.C. 350(a) (1994). Although the trustee filed his final report on August 7, 1995, and no objections to that report had been filed, a final decree

---

[8] The reasoning behind petitioner's contention that he is entitled to utilize the losses as a carry forward to his 1993 tax year is that he filed his 1993 tax return in Aug. 1996. If the bankruptcy case terminated in Oct. 1995, the losses would be available after that date for his use.

closing the case had not been issued by the bankruptcy court as of the date of this trial. The bankruptcy case was still open at the time petitioner filed his 1993 return and at the time of trial. Thus, the net operating losses were property of the bankruptcy estate.

### C. Other Loss Issues

Because of our findings and conclusions above, we need not consider the additional issues of: (1) Whether petitioner has substantiated the expenses generating the losses that petitioner seeks to carry forward, and (2) whether petitioner is otherwise entitled to deduct such expenses under the Internal Revenue Code.

### 2. Section 6651(a) Addition to Tax

Respondent determined that petitioner is liable for the addition to tax under section 6651(a) for failure to file a timely return for the 1993 taxable year. Generally, individual income tax returns must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072(a). Section 6081, however, provides that the Secretary may grant a taxpayer an extension to file for no greater than 6 months. Section 1.6081-4(a), Income Tax Regs., provides that taxpayers, upon meeting certain requirements, shall be allowed an automatic 4-month extension. A taxpayer may seek an additional 2-month extension by submitting, to the internal revenue officer with whom the return is required to be filed, a signed Form 2688 or a letter setting forth the full reasons for the extension. Schafler v. Commissioner, T.C. Memo. 1998-86; Perry v.

Commissioner, T.C. Memo. 1990-228; sec. 1.6081-1(b)(1), (5), Income Tax Regs.

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional percent for each additional month or fraction thereof that the return is filed late, not exceeding 25 percent in the aggregate. For purposes of determining the number of months in which the return is filed late, the date of filing is the date on which the return is received by the Commissioner. Schafler v. Commissioner, supra; Pryor v. Commissioner, T.C. Memo. 1994-287.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985). A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file his return within the date prescribed by law. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); Estate of Vriniotis v. Commissioner, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is viewed as a conscious, intentional failure or reckless indifference to the obligation to file. United States v. Boyle, supra. Whether petitioner has sufficiently shown reasonable cause and no willful neglect is a question of fact to be decided on the entire record. Estate of

Duttenhofer v. Commissioner, 49 T.C. 200, 204 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969).

Petitioner asserts that reasonable cause existed with respect to his failure to file a timely return. Petitioner contends that, since 1993 was a postbankruptcy petition year, the documents petitioner needed to file the return were in the possession of the bankruptcy trustee. As such, petitioner did not have access to the documents.

Despite petitioner's assertion, there is nothing in the record to suggest petitioner ever attempted to file a timely return. Petitioner never requested an extension to file his return as provided under section 6081. Furthermore, there is no evidence in the record that petitioner requested the trustee to provide him access to, or copies of, such records. In addition, we note petitioner's 1990 and 1991 taxable years were post-bankruptcy petition tax years. However, petitioner's 1990 and 1991 tax returns were timely filed. Accordingly, we hold petitioner is liable for the addition to tax under section 6651(a).

3. Section 6654(a) Addition to Tax

Respondent determined an addition to tax against petitioner under section 6654(a) for failure to make timely estimated tax payments. This addition to tax is mandatory and cannot be waived due to reasonable cause. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960); sec.

1.6654-1(a), Income Tax Regs.  However, no addition to tax is imposed under section 6654(a) if one of the exceptions set forth in section 6654(e) is satisfied.

Under section 6654(e)(2), no addition to tax is imposed under section 6654(a) if:  (1) The taxpayer's preceding taxable year was a taxable year of 12 months; (2) the taxpayer did not have any tax liability for the preceding taxable year; and (3) the taxpayer was a citizen or resident of the United States throughout the preceding taxable year.  Petitioner's 1992 taxable year was a taxable year of 12 months.  Petitioner's joint Federal income tax return for the taxable year 1992, as stipulated to by the parties, reflects zero tax liability.  In addition, petitioner was a resident of the United States throughout 1992.  Consequently, the exception under section 6654(e)(2) applies with respect to the 1993 taxable year.  We hold that petitioner is not liable for the addition to tax under section 6654(a).

We have considered all of petitioner's arguments and, to the extent not discussed above, find them to be without merit.

To reflect the foregoing,

Decision will be entered<br>under Rule 155.