T.C. Memo. 2004-44

UNITED STATES TAX COURT

CHARLES P. DURRENBERGER JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10712-02L.          Filed February 26, 2004.

Charles P. Durrenberger, Jr., pro se.

<u>John D. Faucher</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  On May 23, 2002, respondent sent petitioner
a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330, in which respondent determined that the

filing of a tax lien relating to petitioner's 1998 tax liability was appropriate.[1]

The sole issue for decision is whether respondent's determination that the filing of a tax lien relating to petitioner's 1998 tax liability was appropriate was an abuse of discretion. We hold that it was not.

FINDINGS OF FACT

A.  Petitioner and His 1998 Income Tax Return

Petitioner resided in Houston, Texas, when he filed the petition in this case.

Petitioner reported on his 1998 income tax return that he had no wages, other income, or tax liability, and that he had taxes withheld of $2,935.30. He claimed a refund of $2,935.30. Petitioner attached a letter to his 1998 return in which he contended that:  Wages are not income; petitioner is not required by law to file a return or pay income tax; and respondent failed to provide petitioner with a copy of the law requiring him to pay income tax.

B.  Notice of Deficiency and Bankruptcy

On September 8, 1999, respondent sent a notice of deficiency for 1998 to petitioner at the address shown on petitioner's 1998 return. In it, respondent determined a deficiency in

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code as amended.

petitioner's 1998 tax of $7,754 and an accuracy-related penalty under section 6662 of $963.80.  The notice of deficiency was returned to respondent marked "not deliverable as addressed, unable to forward".  Petitioner had moved and left no forwarding address, and so he did not receive the notice of deficiency. Petitioner did not file a petition for redetermination of the deficiency for 1998.

Petitioner filed a petition in the U.S. Bankruptcy Court for the Southern District of Texas on April 6, 2000.  The bankruptcy court discharged petitioner's debts on July 24, 2000.

C.  Notice of Federal Tax Lien and Notice of Intent To Levy

On December 17, 2001, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to his 1998 tax liability.  The notice was returned to respondent marked "unclaimed".  Petitioner did not request a hearing under section 6330(b) in response to respondent's notice of proposed levy.  On February 1, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to petitioner's unpaid taxes for 1998.[2]

---

[2]  The notice of Federal tax lien also relates to a sec. 6702 frivolous return penalty assessed for 1999.

D.  Hearing Request Relating to the Lien

On February 22, 2002, petitioner filed a Form 12153, Request for a Collection Due Process Hearing, with respect to the notice of Federal tax lien for tax year 1998.  In the request, petitioner contended that the notice of Federal tax lien was invalid because the Secretary had not delegated authority to the person who issued the notice.  Petitioner attached to his request for a hearing documents containing numerous frivolous arguments.

E.  The Levy

Respondent levied upon petitioner's wages from February 19 to April 4, 2002, to collect an amount equal to what respondent had determined was petitioner's 1998 tax liability.  Petitioner's employer made the following payments:  $993.33 on February 19, 2002; $1,712.16 on March 8, 2002; $1,013.10 on March 21, 2002; and $8,095.54 on April 4, 2002.  Respondent now concedes that petitioner is entitled to a refund with respect to tax year 1998.

F.  Hearing Relating to the Lien

On a date not specified in the record, respondent's Appeals officer conducted a hearing relating to petitioner's lien for tax year 1998.  Petitioner asked to make an audio recording of the hearing.  Respondent denied that request.  Petitioner attended the hearing but did not record it.  On May 23, 2002, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) in which respondent determined that the

filing of the tax lien was appropriate.  On June 25, 2002, petitioner filed a petition for lien or levy action under section 6320(c) or 6330(d) in which he contended:  (1) There had been no valid assessment of taxes; (2) he had not received a statutory notice and demand for payment of the taxes at issue; (3) he had not received a notice of deficiency; (4) respondent incorrectly determined his underlying tax liability; and (5) respondent improperly refused to permit him to record the section 6330(b) hearing.

OPINION

1.   <u>Whether Respondent's Determination That the Filing of a Tax Lien Relating to Petitioner's 1998 Tax Liability Was Appropriate Was an Abuse of Discretion</u>

Petitioner contends that respondent's determination that the filing of a tax lien relating to his 1998 tax liability was appropriate was an abuse of discretion.  We disagree.

Petitioner may challenge the existence or amount of his underlying tax liability because he did not receive the notice of deficiency.  Sec. 6330(c)(2)(B).  Since he had moved after filing his latest tax return, his failure to receive the notice of deficiency was not deliberate.  See <u>Tatum v. Commissioner</u>, T.C. Memo. 2003-115 (the taxpayers should have been allowed to challenge their underlying tax liabilities at section 6330(b) hearing because their failure to claim the notice of deficiency

from the U.S. Postal Service was not a deliberate avoidance of delivery); cf. Sego v. Commissioner, 114 T.C. 604, 611 (2000).

Petitioner contends that, because his wages are exempt from garnishment under Texas law, respondent may not levy on them.[3] We disagree; Federal tax collection statutes supersede State-created exemptions to tax collection. United States v. Rodgers, 461 U.S. 677, 700-702 (1983).

Petitioner contends that garnishment of his wages was improper because the Fair Debt Collection Procedures Act (FDCPA), Pub. L. 95-109, 91 Stat. 874 (1977), 15 U.S.C. sec. 1692 (2000), prohibits garnishment without a signed court order. Petitioner fails to explain where or how the FDCPA so provides, and we find no such prohibition in that act.

Petitioner contends that section 334.2[4] of the Internal Revenue Manual (IRM) does not require employers to honor notices of levies. We disagree. The IRM provides that any person in possession of property upon which a levy has been made shall, upon demand, surrender such property unless the property is not the property of the taxpayer, or the property is subject to prior judicial attachment or execution. The IRM also provides that a

---

[3] Petitioner incorrectly cited Tex. Prop. Code Ann. sec. 63.004. It appears that Tex. Prop. Code Ann. sec. 42.001(b)(1) (Vernon 2000) is the correct citation.

[4] Sec. 334.2 of the Internal Revenue Manual has been superseded by 2 Administration, Internal Revenue Manual (CCH), sec. 5.17.3.3.3.1, at 17,918, effective Oct. 31, 2000.

suit for failure to honor the levy is appropriate when a party fails to respond or refuses to comply with a levy.

Petitioner contends that respondent improperly garnished more than 25 percent of his wages. We disagree. Section 6332(a) allows garnishment of all nonexempt wages; wages are exempt to the extent of the amount of the taxpayer's standard deduction plus personal exemptions, divided by the number of pay periods in the year. Sec. 6334(a)(9), (d)(2) and (3).

Petitioner points out that the notice of Federal tax lien he received was different from the notice of levy sent to his employer, but petitioner does not explain how that fact suggests that respondent's determination that the filing of the tax lien was appropriate was an abuse of discretion. We conclude that the fact that the notice of the lien differed from the notice of the levy does not detract from the appropriateness of the lien.

Petitioner also contends: (1) The filing of the tax lien was not appropriate because he is not liable for Federal income taxes; (2) wages are not income; (3) levies apply only to Federal employees; (4) sections 6320-6333 are unenforceable because there are no implementing regulations; (5) respondent's agents are not authorized to make changes to petitioner's return; and (6) petitioner was not granted a jury trial. These arguments are frivolous, and we therefore perceive no need to further refute them with somber reasoning and copious citation of precedent; to

do so might suggest that these arguments have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

2. Whether Respondent's Collection Actions Violated the Automatic Bankruptcy Stay

Petitioner contends that respondent violated the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. section 362(a)(8), but does not specify how respondent did so. We disagree. Once a taxpayer files a petition in bankruptcy, the commencement or continuation of proceedings against that taxpayer in the Tax Court is automatically stayed. 11 U.S.C. sec. 362(a)(8) (2000). The stay began on April 6, 2000, when petitioner filed his bankruptcy petition.

The stay is lifted upon the earlier of the closing of the case, the dismissal of the case, or the granting or denial of a discharge. 11 U.S.C. sec. 362(c)(2) (2000); see Guerra v. Commissioner, 110 T.C. 271, 275 (1998). Thus, the stay was lifted on July 24, 2000, when the bankruptcy court discharged petitioner's debts. Respondent did not attempt to collect from petitioner from April 6 to July 24, 2000. Collection actions began in December 2001 when respondent issued to petitioner a notice of intent to levy relating to his 1998 tax liability. Thus, the stay was lifted before respondent began collection activities.

Petitioner contends that his 1998 tax liability was discharged in bankruptcy.[5] We disagree. Income taxes are debts not dischargeable in bankruptcy for taxable years for which returns are due within 3 years before the filing of a petition in bankruptcy. 11 U.S.C. secs. 523(a)(1)(A), 507(a)(8)(A)(i) (2000). Petitioner filed his bankruptcy petition on April 6, 2000, which is within 3 years of the time his 1998 return was due. Thus, petitioner's 1998 tax liability is not dischargeable in bankruptcy. See id.

3.   Audio Recording

A taxpayer has the right under section 7521(a)(1) to make an audio recording of a section 6320 hearing with the Appeals Office if the taxpayer makes an advance request and makes the recording at the taxpayer's expense with the taxpayer's equipment. Sec. 7521(a)(1); Keene v. Commissioner, 121 T.C. 8, 16, 19 (2003). However, it is not necessary or productive to remand a case to Appeals merely to provide the taxpayer a recorded hearing where (1) the taxpayer previously attended and participated in an Appeals Office hearing, and (2) we can properly decide all of the issues pleaded by the taxpayer. Keene v. Commissioner, supra at

---

[5] We have jurisdiction in lien proceedings under sec. 6320 to decide whether income tax liabilities have been discharged in bankruptcy. Washington v. Commissioner, 120 T.C. 114, 121, (2003).

19; <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195; see also <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).

4. <u>Procedural Issues Relating to the Levy</u>

Petitioner contends that the levy was improper. Petitioner argues that section 6330(e), which provides for suspension of levies when levy cases are pending under section 6330, also applies by cross-reference to lien cases under section 6320. Sec. 6320(c).

Respondent collected by levy more than petitioner owed for tax year 1998 and concedes petitioner is entitled to a refund (with interest, see sec. 6621(a)(1)) for 1998.[6] Having addressed that point, we need not address petitioner's procedural objection to the levy because, even if he prevailed on this point, the net effect on his tax payments would be nil. We rejected petitioner's arguments relating to his underlying tax liability above. Thus, his liability is now established. We see no reason to order a refund of levied funds (with interest) and then to require petitioner to repay amounts he owes (plus interest). See <u>Lunsford v. Commissioner</u>, <u>supra</u> at 189.

---

[6] Respondent filed a motion to dismiss this case for mootness because, as a result of the levy, respondent collected more than respondent had determined petitioner owed for 1998. We will deny respondent's motion because petitioner is entitled to a refund with respect to 1998.

5.  <u>Conclusion</u>

We conclude that respondent's determination that the filing of the tax lien was appropriate was not an abuse of discretion.

Accordingly,

<u>An appropriate order will be issued</u>.