T.C. Summary Opinion 2005-10

UNITED STATES TAX COURT

JEROME P. AND RHONDA A. REIMANN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10877-03S.                    Filed January 27, 2005.

Jerome P. Reimann, pro se.

Louis H. Hill, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $10,824 in petitioners' 2000 Federal income tax and the accuracy-related penalty under section 6662(a) in the amount of $2,254.  The issues for decision are:  (1) Whether petitioners are liable for the 10-percent additional tax under section 72(t) for early distributions from qualified retirement plans, and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty.  At the time the petition was filed, petitioners were legal residents of Dresden, Ohio.[2]

The facts are not in dispute.  Jerome P. Reimann (petitioner) is a metallurgical engineer and a "manager of process improvement".  Petitioner explained this latter category as the review of reports from other engineers.  He described his occupation as being in "materials science".  Petitioner has a bachelor of science degree in science and metallurgical engineering as a graduate of Wayne State University at Detroit, Michigan.  He received his degree in 1977, and his employment has continuously been in that field of endeavor.  In his career, petitioner has been employed by several employers and has been a participant in at least four pension plans qualified under section 401(a).

---

[2]  Rule 91(a) requires that the parties stipulate all facts, all documents and papers or contracts or aspects thereof, and all evidence that should fairly not be in dispute. Petitioners declined to agree to a written stipulation of facts.

During 1999, petitioner was terminated by his employer, and he thereafter began a self-employed consulting business in his field of work. That endeavor was not successful and resulted in petitioners' filing for bankruptcy. Because of their financial needs, petitioner withdrew $115,142.97 during the year 2000 from his qualified plans.

On their joint Federal income tax return for 2000, petitioners reported as gross income the $115,142.97 in distributions from their qualified plans. Petitioners included with their 2000 tax return Form 5329, Additional Taxes Attributable to IRAs, Other Qualified Retirement Plans, Annuities, Modified Endowment Contracts, and MSAs, on which they listed the $115,142.97 in retirement plan distributions but elected on Form 5329 that the distributions were not subject to the early withdrawal tax under section 72(t). On Part I, line 2 of the form, "Early distributions not subject to additional tax", petitioners entered exception number 11 as the appropriate exception from page 2 of the instructions for the entire amount of the distribution. The Form 5329 did not otherwise include any statement to describe the basis upon which petitioners claimed that the section 72(t) tax was not applicable. Respondent, in the notice of deficiency, determined that the $115,142.97 early distribution was subject to the additional tax under section

72(t) and determined a deficiency of $10,824 for that tax and the negligence penalty under section 6662(a).[3]

Section 72(t) provides for a 10-percent additional tax on early distributions from qualified retirement plans. Paragraph (1), which imposes the tax, provides in relevant part:

> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

The 10-percent additional tax, however, does not apply to certain distributions. Section 72(t)(2) excepts distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of the employee's disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; (6) as dividends paid with respect to corporate stock

---

[3] The additional tax under sec. 72(t) is 10 percent of the amount of the distribution. In this case, the distribution was $115,142.97; therefore, 10 percent of that amount is $11,514.30. The deficiency determined in the notice of deficiency is $10,824. At trial, counsel for respondent agreed that this was an incorrect computation but declined to move to increase the deficiency to $11,514.30.

described in section 404(k); (7) to an employee for medical care; or (8) to an alternate payee pursuant to a qualified domestic relations order.

Petitioners contend they do not owe the section 72(t) additional tax for three reasons:

(1) The distributions are not subject to the section 72(t) additional tax because of their financial hardship;

(2) The Internal Revenue Service, even though notice was served of petitioners' bankruptcy proceeding, failed to file a proof of claim in the bankruptcy proceeding; therefore, the additional tax was discharged; and

(3) Even if the additional tax was not discharged, following their discharge, the bankruptcy proceeding was reopened to include in the bankruptcy estate a monetary judgment of $607,500 that petitioner recovered against a former employer, which, if collected, would pay off all creditors. Therefore, petitioners contend, pending collection of this asset, respondent, as a creditor, is stayed from instituting collection action, including the deficiency in this case.

With respect to petitioners' first contention, as noted earlier, section 72(t)(2) excepts from the additional tax certain categories of distributions. Petitioners agree that none of these categories apply to their fact situation. Instead, petitioners contend that, because of financial hardship, they are

relieved of the section 72(t) additional tax and argue that the availability of that relief is provided and allowed on Form 5329 and the specific instructions for that form. In particular, petitioners point to the instructions for line 2 of Form 5329. Those instructions, in addition to describing the exceptions that are expressly provided in section 72(t)(2), also include another category described as "other", which is explained as number 11 in the instructions for Form 5329. The "other" situations in which the additional tax does not apply are described in the instructions as: (1) Distributions that are incorrectly labeled as an early distribution; (2) distributions from an employer plan as to an employee's separation from service prior to March 1, 1986; (3) distributions that are dividends from stock described in section 404(k); and (4) distributions from certain annuity contracts. It is very clear that the distributions to petitioner in this case do not fit under any of these categories. Financial hardship is not described as an exemption from the tax on an early distribution. Petitioners, however, argue on brief:

> In fact, the Service has responded to the growing list of exemptions identified under Form 5329. Form 5329 specifically lists eleven (11) such exemptions with number 11 listed simply as "other". Petitioner had duly asserted his exemption as number 11 on the form submitted. Certainly, the dire financial situation of being unemployed leading the petitioners to file bankruptcy in this case can be considered as great an economic hardship as a minimal standard compared to the examples listed above. At the very least, the Service had the duty to respond to petitioner's

Form 5329 submission and allow any differences of opinion to be settled in a timely manner by a court of competent jurisdiction.

Petitioners have selected this Court as the forum to decide that question.  This Court's conclusion is that financial hardship is not a category or basis for an exception from the section 72(t) additional tax on early retirement plan distributions.  Milner v. Commissioner, T.C. Memo. 2004-111; Gallagher v. Commissioner, T.C. Memo. 2001-34 (and cases cited).  Petitioners have simply crafted an additional category of exception that is clearly beyond the intent and meaning of section 72(t)(2) and the instructions petitioners relied on.  Their argument fails.

Petitioners also contend that respondent is precluded from making an assessment against them for the section 72(t) penalty because respondent never filed a proof of claim in their bankruptcy proceeding.  That argument is also rejected because, whether or not a proof of claim was filed, a discharge in bankruptcy does not discharge an individual debtor from an obligation with respect to a return that was either not filed, or a return that was due to be filed, less than 3 years before the date of filing the bankruptcy petition.  In this case, petitioner's income tax return for the year 2000 was filed well within the 3-year period prior to the filing of their bankruptcy

petition.  The tax, therefore, is not dischargeable under Federal law.

Petitioners also contend that, after their bankruptcy discharge, the bankruptcy proceeding was reopened in order to allow into the bankruptcy estate a monetary judgment of $607,500 petitioners recovered against a former employer.  Because of this reopening of the bankruptcy proceeding, petitioners contend that a new "stay" came into effect.  The Court rejects that argument because no evidence was presented to show that the stay was reinstituted by the bankruptcy court.  See <u>Guerra v. Commissioner</u>, 110 T.C. 271, 277-278 (1998).  The reopening of the bankruptcy proceeding is not a restoration of the stay against this Court.

The Court holds that petitioners are liable for the additional tax under section 72(t).  Respondent is sustained on this issue.

The second issue is whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.  Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies.  Section 6662(b)(1) provides that section 6662 shall

apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and the taxpayer's reliance on the advice of a professional, such as an accountant. See Drummond v. Commissioner, T.C. Memo. 1997-71, affd. in part and revd. in part without published opinion 155 F.3d 558 (4th Cir. 1998). However, the most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax

liability.  See sec. 1.6664-4(b)(1), Income Tax Regs.  An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  Remy v. Commissioner, T.C. Memo. 1997-72.

Petitioners made an insufficient effort to determine their proper tax liability for 2000.  The instructions for the Form 5329 clearly did not provide for an exception from the section 72(t) additional tax on the distributions to petitioner. Petitioners merely crafted an additional exception to accommodate their situation.  There is no evidence in the record to show that they solicited the assistance of a tax professional regarding their liability for the section 72(t) additional tax on the qualified plan distributions.  The Court sustains respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.