RONALD J. ALLISON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2598-91.          Filed November 18, 1991.

Ronald J. Allison, pro se.
*Jay M. Erickson,* for the respondent.

### OPINION

NIMS, *Chief Judge:* This case is before the Court on respondent's response to the Court's order to show cause why the proceedings should not be stayed. The issue for decision is whether the automatic stay of 11 U.S.C. section 362(a) is reinstated upon the reopening of petitioner's chapter 7 bankruptcy case.

### Background

At the time of the filing of the petition in this case, petitioner resided in Forsyth, Montana. On June 12, 1989, petitioner filed a petition under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Montana. On September 18, 1989, the bankruptcy court granted petitioner a discharge of indebtedness, and on October 30, 1990, that case was closed.

On November 30, 1990, respondent issued a statutory notice of deficiency for the taxable year 1988. On February 11, 1991, petitioner timely filed a petition with this Court for redetermination of the deficiency. On February 14, 1991, petitioner filed a motion with the bankruptcy court to have

his chapter 7 case reopened. His motion was granted by the bankruptcy court on February 19, 1991, in an order stating only: "Debtor's Motion to Reopen this Chapter 7 case is granted." On March 1, 1991, petitioner filed a notice of automatic stay, stating that his Tax Court proceeding should be stayed pursuant to 11 U.S.C. section 362(a)(8).

On March 4, 1991, this Court issued an order to show cause directing respondent to set forth reasons why the proceedings in this case should not be stayed. On April 1, 1991, respondent filed a response to the order to show cause, wherein respondent asserted that this case should not be stayed because the stay remains in effect only until there is met one of the three conditions of 11 U.S.C. section 362(c)(2), described below.

## *Discussion*

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and the equitable distribution of his assets among his creditors. The automatic stay prescribed by 11 U.S.C. section 362(a) is a tool of significant importance in achieving these aims, see H. Rept. 95-595, at 340 (1977); *In re Stringer*, 847 F.2d 549, 551-552 (9th Cir. 1988), and should be broadly applied. *In re Bialac*, 712 F.2d 426 (9th Cir. 1983).

Once a petition in bankruptcy is filed, the automatic stay of 11 U.S.C. section 362(a) prevents the commencement or continuation of a proceeding against the debtor in any court, including the Tax Court. 11 U.S.C. sec. 362(a). The stay continues until the earliest of one of three occurrences: (1) The time the case is closed, (2) the time the case is dismissed, or (3) the time a discharge is granted or denied. 11 U.S.C. sec. 362(c)(2). Petitioner's bankruptcy case was discharged on September 18, 1989.

The bankruptcy court also has the authority to reopen a bankruptcy case at its discretion pursuant to 11 U.S.C. section 350(b), which provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Petitioner's case was reopened on February 19, 1991. We therefore must determine whether the reopening of petition-

er's bankruptcy case reimposed the automatic stay of 11 U.S.C. section 362(a).

Like the Tax Court, a bankruptcy court "possesses only the jurisdiction and powers expressly or by necessary implication conferred by Congress." *Johnson v. First National Bank of Montevideo, Minn.*, 719 F.2d 270, 273 (8th Cir. 1983). 11 U.S.C. section 362(a) provides that the automatic stay is imposed when a petition is filed under sections 301, 302, or 303 of title 11. Sections 301, 302, and 303 of title 11 relate to voluntary cases in bankruptcy, joint cases, and involuntary cases, respectively.

In the absence of an indication of congressional intent to the contrary, we must assume that Congress meant what it said and that the automatic stay should be imposed only upon the filing of a petition in bankruptcy. *In re State Airlines, Inc.*, 873 F.2d 264, 268 (11th Cir. 1989). There is nothing in the language of 11 U.S.C. sections 350(b) or 362(a) which equates the reopening of a case with the filing of a bankruptcy petition. Thus, there is "no statutory provision in which Congress has authorized a Bankruptcy Court once it has terminated the automatic stay pursuant to §362(c)(2) to continue imposition of the automatic stay." *In re Trevino*, 78 Bankr. 29, 37 (Bankr. M.D. Pa. 1987).

Decisions by this and other courts have held that the retention of jurisdiction by the bankruptcy court after a case has been closed, dismissed, or discharged does not continue or reactivate the stay. In *Moody v. Commissioner*, 95 T.C. 655 (1990), we held that when a plan of reorganization is confirmed by the bankruptcy court, the bankruptcy case should be treated as discharged and the automatic stay terminated, giving this Court jurisdiction to adjudicate the taxpayer-debtor's tax liability even though the bankruptcy court retained jurisdiction over the case before it. In a similar case, the bankruptcy court in *In re Herron*, 60 Bankr. 82, 84 (Bankr. W.D. La. 1986), stated that "there can be no further application of the automatic stay after confirmation [of a plan]."

In considering whether the reopening of a case reimposes the automatic stay, a bankruptcy court has held that the stay is not reactivated. Emphasizing the finality of an order under 11 U.S.C. section 362(c)(2), the court remarked that

"once a case is closed, dismissed, or a discharge is granted or denied, the court lacks jurisdiction to continue the provisions of §362 of the Bankruptcy Code," and the stay is not reimposed. *In re Trevino, supra* at 37. Thus, the fact that the bankruptcy court reacquires jurisdiction over the debtor's case does not necessitate the reimposition of the automatic stay.

Therefore, while the automatic stay should be broadly applied, *In re Bialac, supra*, it must only be applied in situations in which Congress so intended. *In re Trevino, supra* at 37. As the cases cited above hold, once a bankruptcy case has been closed, dismissed, or a discharge has been granted or denied, the automatic stay terminates, and there is nothing within the provisions of 11 U.S.C. sections 350(b) or 362(a) which would dictate the reimposition of the stay.

We note that in *Kimmerling v. Commissioner*, T.C. Memo. 1989-501, this Court stated that when a bankruptcy case is reopened the stay becomes operational again. However, it is unclear from that case whether it was the automatic stay of 11 U.S.C. 362(a) that became operational again or whether the order reopening the debtor's bankruptcy contained a provision staying the Tax Court proceedings. In addition, the issue in *Kimmerling* was whether a Tax Court petition, filed after a bankruptcy case had been discharged but before the bankruptcy case was reopened, was a valid petition. Thus, the issue in the present case was not before the Court in *Kimmerling*.

We also recognize that one of the policies that engendered 11 U.S.C. section 362(a)(8) is to avoid duplicative and inconsistent litigation, see *Halpern v. Commissioner*, 96 T.C. 895, 902 (1991), and that the issues in the present case could be determined in petitioner's reopened bankruptcy case. However, petitioner has made no showing that the bankruptcy court will consider the tax issues now before this Court, and absent any such showing, we will not assume otherwise. If the bankruptcy court does exercise jurisdiction over the tax issues involved in the instant case, it can issue an order staying the proceedings in this Court pursuant to 11 U.S.C. section 105 (which permits the bankruptcy court to issue any order that is "necessary or

appropriate to carry out the provisions of this title.") See *In re Herron, supra* at 84.

Accordingly, we hold that when a bankruptcy case is closed, dismissed, or a discharge has been granted or denied pursuant to 11 U.S.C. section 362(c)(2), the automatic stay is terminated, and the reopening of a case does not, absent an order from the bankruptcy court, reimpose the stay.

Therefore, inasmuch as petitioner's chapter 7 case was discharged on September 18, 1989, and the bankruptcy judge has not issued an order staying the proceedings in this Court, the case will proceed.

*An appropriate order will be issued.*