105 T.C. No. 26

UNITED STATES TAX COURT

CHAN Q. KIEU AND QUYNH KIEU, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22997-94.                    Filed December 7, 1995.


     On Oct. 21, 1993, Ps filed a bankruptcy petition under
chapter 7 of the Bankruptcy Code.  On March 14, 1994, R issued a
notice of deficiency to Ps for the taxable year 1989.  On Nov. 1,
1994, the bankruptcy court entered an order granting summary
judgment against Ps and determining that Ps' debts are
nondischargeable under 11 U.S.C. sec. 727 (1988).  On Dec. 12,
1994, Ps filed a petition for redetermination with this Court.  On
Jan. 23, 1995, the bankruptcy court entered an order granting Ps'
motion for relief from judgment and vacating its order entered
Nov. 1, 1994.  On July 21, 1995, this Court issued an order
directing the parties to show cause why this case should not be
dismissed for lack of jurisdiction.

     Held:  The bankruptcy court's order entered Nov. 1, 1994,
denied Ps a discharge of their debts under 11 U.S.C. sec. 727
(1988), and, thus, served to terminate the automatic stay imposed
under 11 U.S.C. sec. 362(a)(8) (1988).  See 11 U.S.C. sec.
362(c)(2)(C) (1988).  Held, further, The bankruptcy court's order
entered Jan. 23, 1995, while vacating the bankruptcy court's order
entered Nov. 1, 1994, does not reinstate the automatic stay.  See
Allison v. Commissioner, 97 T.C. 544 (1991).  Held, further, the
petition filed herein was not filed in violation of the automatic
stay and Ps properly invoked this Court's jurisdiction.  Sec.
6213(f), I.R.C.


Kevin O'Hara and Thomas A. Greco, for petitioners.

Linas N. Udrys and Peter Reilly, for respondent.

OPINION

GERBER, <u>Judge</u>:  This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, <u>Special Trial Judge</u>:  This case is before the Court on the Court's Order dated July 21, 1995, directing the parties to show cause why this case should not be dismissed for lack of jurisdiction.  The issues are whether (1) the so-called automatic stay imposed pursuant to 11 U.S.C. section 362(a)(8) (1988), was lifted by an order of a bankruptcy court determining that all debts of the petitioners/debtors are nondischargeable, and (2) if so, whether a subsequent order, entered approximately 3 months later, vacating that order reinstates the automatic stay provisions.

<u>Background</u>

On October 21, 1993, Chan Q. Kieu and Quynh Kieu (petitioners) filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Central District of California.  On January 24, 1994, Pacific Inland Bank (Pacific), a creditor, filed an adversary action against petitioners requesting that the bankruptcy court determine that petitioners' debts were nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A) and (B) (1988).[2]  On the same date, the bankruptcy trustee filed

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  11 U.S.C. sec. 523(a)(2)(A) and (B) (1988), provides in pertinent part:

> (a) A discharge under section 727 * * * of this        title does not discharge an individual debtor from any        debt--
>
> *        *        *        *        *        *        *

a separate adversary action against petitioners requesting that the bankruptcy court determine that petitioners' debts were nondischargeable pursuant to 11 U.S.C. section 727(a) (1988).[3] After filing the above-described complaints, Pacific and the bankruptcy trustee filed separate motions for summary judgment with the bankruptcy court. These matters were consolidated under the docket number for Pacific's action, and all pleadings were filed under that action.

On March 14, 1994, respondent mailed a notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1989 in the amount of $78,978 along with an accuracy-related penalty pursuant to section 6662(a) in the amount of $15,796.

On November 1, 1994, the bankruptcy court entered an order granting Pacific's motion for summary judgment. The bankruptcy court's order states in pertinent part:

---

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing--

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; * * *

[3] The bankruptcy trustee argued that the bankruptcy court should deny petitioners a discharge pursuant to 11 U.S.C. sec. 727(a) (1988), which provides in pertinent part that a debtor shall be granted a discharge unless the debtor is found to have transferred, removed, destroyed, mutilated, or concealed property of the debtor or property of the estate with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that <u>Pacific's</u> <u>debt be determined non-dischargeable pursuant to 11 U.S.C. §523</u> of the Bankruptcy Code and such Judgment shall be res judicata on any further proceedings before this Court or any other.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment be, and it is hereby, entered * * * that <u>all debts pursuant to 11 U.S.C. §727 are determined non-dischargeable in this case</u> and any other proceeding currently pending or to be filed by the Debtors. This Judgment should be considered res judicata to any future filing by either Chan Quang Kieu or Quynh Kieu, the Debtors herein.  [Emphasis added.]

There was no stay, and the order contains no mention of the status of the automatic stay imposed under 11 U.S.C. section 362(a) (1988).

On December 12, 1994, petitioners filed a petition with this Court seeking a redetermination of their tax liability for the taxable year 1989. At the time the petition was filed, petitioners resided at Irvine, California.

On December 19, 1994, petitioners made a motion for relief in respect of the bankruptcy court's order entered November 1, 1994.  On January 23, 1995, the bankruptcy court entered an order granting petitioners' motion for relief and vacating its prior order entered November 1, 1994.  The bankruptcy court's order entered January 23, 1995, contains no mention of the automatic stay imposed under 11 U.S.C. section 362(a) (1988), and does not impose any stay of proceedings.

On July 21, 1995, this Court issued an order directing the parties to show cause why this case should not be dismissed for lack of jurisdiction on the ground that the petition was filed in violation of the automatic stay imposed under 11 U.S.C. section 362(a)(8) (1988).  Both parties filed responses to the Court's order.  A hearing was conducted in this case in Washington, D.C., on September 20, 1995.  Counsel for respondent appeared at the hearing and presented oral argument.  Although petitioners were not represented at the hearing, they did file a written statement with the Court pursuant to Rule 50(c).

## Discussion

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and the equitable distribution of his assets among his creditors. See H. Rept. 95-595, at 340 (1977). One of the key elements to achieving these aims is the automatic stay that generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate. See Halpern v. Commissioner, 96 T.C. 895, 897-898 (1991). The automatic stay serves to preclude the commencement or continuation of proceedings in this Court. Specifically, 11 U.S.C. section 362(a)(8) (1988), provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of--
>
>     *     *     *     *     *     *     *
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

In short, the filing of a bankruptcy petition invokes the automatic stay that precludes the commencement or continuation of proceedings in this Court. Allison v. Commissioner, 97 T.C. 544, 545 (1991).

Notwithstanding the foregoing, respondent is free to issue a notice of deficiency to a taxpayer involved in bankruptcy proceedings. See 11 U.S.C. sec. 362(b)(9) (1988).[4] In the event that respondent issues a notice of deficiency to a taxpayer during the pendency of a bankruptcy case, the running

---

[4] 11 U.S.C. sec. 362(b)(9) (1988), provides in pertinent part:
> (b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay--
>
>     *     *     *     *     *     *     *
>
> (9) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency;

of the time for filing a petition with this Court is suspended for the period during which the taxpayer is prohibited by reason of the automatic stay from filing a petition in this Court and for 60 days thereafter. Sec. 6213(f); Olson v. Commissioner, 86 T.C. 1314, 1318-1319 (1986), and cases cited therein; see also Zimmerman v. Commissioner, 105 T.C. 220 (1995).

The period that the automatic stay remains in effect is prescribed in 11 U.S.C. section 362(c) (1988), as follows:

>           (c) Except as provided in subsections (d), (e), and (f) of
>      this section--
>
>                (1) the stay of an act against property of the estate under
>           subsection (a) of this section continues until such property is no
>           longer property of the estate; and
>
>                (2) the stay of any other act under subsection (a) of this
>           section continues until the earliest of--
>
>                     (A) the time the case is closed;
>
>                     (B) the time the case is dismissed; or
>
>                     (C) if the case is a case under chapter 7 of this
>                title concerning an individual or a case under chapter 9,
>                11, 12, or 13 of this title, the time a discharge is granted
>                or denied.  [Emphasis added.]

Thus, unless relief from the automatic stay is granted by order of a bankruptcy court (see 11 U.S.C. sec. 362(d) (1988)), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge.  11 U.S.C. sec. 362(c)(2) (1988); see also Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).

In the instant case, respondent issued a notice of deficiency to petitioners on March 14, 1994, during the pendency of petitioners' bankruptcy proceedings, as is permitted under 11 U.S.C. section 362(b)(9) (1988).  It is not disputed that petitioners were precluded by the automatic stay imposed

under 11 U.S.C. section 362(a)(8) (1988), from filing a petition with this Court at that time. On November 1, 1994, however, the bankruptcy court entered its order granting Pacific's motion for summary judgment and determined that all of petitioners' debts were nondischargeable under 11 U.S.C. section 727 (1988). On January 23, 1995, the bankruptcy court entered an order granting petitioners' motion for relief and vacating its order entered November 1, 1994. It is under these circumstances that we decide whether the petition filed with this Court on December 12, 1994, was filed in violation of the automatic stay.

Petitioners argue that the bankruptcy court's order of nondischargeability, entered November 1, 1994, served to deny them a discharge, and, therefore, terminated the automatic stay. But, petitioners maintain that the bankruptcy court's order entered January 23, 1995, vacating its order of November 1, 1994, had the effect of reinstating the automatic stay as of that date.

Respondent concurs with the proposition that the order of nondischargeability had the effect of terminating the automatic stay. Respondent, however, disagrees with petitioners' contention that the bankruptcy court's order entered January 23, 1995, reinstated the automatic stay. In respondent's view the automatic stay is terminated by the judgment of nondischargeability and, absent express language in the bankruptcy court's vacating order to the contrary, the stay is not reinstated.

The Automatic Stay

While the parties agree that the automatic stay was lifted by the order of nondischargeability, they disagree as to the effect of the order, entered approximately 3 months later, that vacated that order. There are, as we view the issue, three possible results. First, when a judgment described in 11 U.S.C. section 362(c) (1988), is vacated the stay is deemed to have been in

effect and any action taken in the interim is in violation of the stay. Second, as petitioner contends, if the stay is lifted by a judgment described in 11 U.S.C. section 362(c) (1988), and that order is vacated, the stay is automatically reimposed. Third, as respondent contends, once the stay is lifted by an order described in 11 U.S.C. section 362(c) (1988), it is not automatically reimposed. In discussing these alternatives, we begin with the question whether the bankruptcy court's order entered November 1, 1994, had the effect of terminating the automatic stay.

As previously discussed, the automatic stay imposed under 11 U.S.C. section 362(a)(8) (1988), normally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2) (1988). Consistent with the plain language of 11 U.S.C. section 362(c)(2)(C) (1988), we agree with the parties that the bankruptcy court's order entered November 1, 1994, wherein the bankruptcy court ruled that petitioners' debts were nondischargeable under 11 U.S.C. section 727 (1988), served to terminate the automatic stay of proceedings in this Court.[5] See In re Calder, 973 F.2d 862, 867 (10th Cir. 1992); see also In re Trevino, 78 Bankr. 29, 37 (Bankr. M.D. Pa. 1987). Cf. In re De Jesus Saez, 721 F.2d 848 (1st Cir. 1983) (automatic stay lifted by dismissal of chapter 13 petition); Smith v. Commissioner, 96 T.C. 10 (1991) (automatic stay terminated as the result of a waiver of discharge by the taxpayer/debtor); In re Weston, 110 Bankr. 452 (E.D. Cal. 1989) (automatic stay lifted by dismissal of chapter 11 petition), affd. without published opinion 967 F.2d 596 (9th Cir. 1992).

Reinstating a Stay

---

[5] There is no evidence in the record that the bankruptcy court intended for its Nov. 1, 1994, order to have any other effect or that petitioners sought a continuance of the automatic stay pending the filing of their motion for relief.

Having determined that the bankruptcy court's order entered November 1, 1994, had the effect of terminating the automatic stay, we are left with the question whether that court's order entered January 23, 1995, vacating its order entered November 1, 1994, reinstated that stay. The order entered January 23, 1995, contains no mention of the stay.

Initially we note that we, as do the parties, reject the approach that the stay is deemed still to have been in effect. There is no support for this approach in the statute and the case law. Indeed, such a result would only lead to confusion and uncertainty. See In re De Jesus Saez, supra; In re Weston, 110 Bankr. at 456.

In Allison v. Commissioner, 97 T.C. 544 (1991), we were confronted with the question whether the reopening of a bankruptcy case had the effect of reinstating the automatic stay under 11 U.S.C. section 362(a) (1988). We find that much of what we said in that case (in support of our conclusion that the automatic stay was not reinstated) to be pertinent here.

> Like the Tax Court, a bankruptcy court "possesses only the jurisdiction and powers expressly or by necessary implication conferred by Congress." Johnson v. First National Bank of Montevideo, Minn., 719 F.2d 270, 273 (8th Cir. 1983). 11 U.S.C. section 362(a) provides that the automatic stay is imposed when a petition is filed under sections 301, 302, or 303 of title 11. Sections 301, 302, and 303 of title 11 relate to voluntary cases in bankruptcy, joint cases, and involuntary cases, respectively.

> In the absence of an indication of congressional intent to the contrary, we must assume that Congress meant what it said and that the automatic stay should be imposed only upon the filing of a petition in bankruptcy. In re State Airlines, Inc., 873 F.2d 264, 268 (11th Cir. 1989). There is nothing in the language of 11 U.S.C. sections 350(b) or 362(a) which equates the reopening of a case with the filing of a bankruptcy petition. Thus, there is "no statutory provision in which Congress has authorized a Bankruptcy Court once it has terminated the automatic stay pursuant to §362(c)(2) to continue imposition of the automatic stay." In re Trevino, 78 Bankr. 29, 37 (Bankr. M.D. Pa. 1987). [Allison v.

> Commissioner, supra at 546.]

In concluding that the automatic stay was not reinstated in Allison v. Commissioner, supra, we observed that the taxpayer there, as here, had failed to show that the bankruptcy court would consider the tax issues pending before this Court.  Id. at 547.

While an argument might be made that the bankruptcy court's intent to reinstate the automatic stay in the present case may be inferred from the fact that the bankruptcy court vacated its order entered November 1, 1994, we decline to decide the issue presented in this case on such an assumption.  We are mindful that the automatic stay respecting the commencement or continuation of proceedings in this Court was adopted in part to avert duplicative and inconsistent litigation over tax issues.  Halpern v. Commissioner, 96 T.C. 895, 902 (1991).  Given the consequences, however, that follow from a determination respecting the status of the automatic stay, the soundest approach is to adhere to the reasoning in Allison v. Commissioner, supra.  Simply stated, where a bankruptcy court has taken action that serves to terminate the automatic stay under 11 U.S.C. section 362(c)(2) (1988), the automatic stay remains terminated absent an express indication from the bankruptcy court to the contrary.  Certainly, if a bankruptcy court intends to exercise its jurisdiction to resolve the issues surrounding petitioners' tax liability, that court has the means to bring about a stay of the proceedings in this Court.  See Allison v. Commissioner, supra at 547 (referring to 11 U.S.C. section 105 (1988), which permits the bankruptcy court to issue any order necessary to carry out title 11).

In sum, we shall proceed in this case consistent with the view that the automatic stay was terminated on November 1, 1994, and was not reinstated by virtue of the bankruptcy court's order entered January 23, 1995.  In this regard, it follows that the petition filed herein was not filed in violation of the automatic

stay and that petitioners have properly invoked this Court's jurisdiction. Sec. 6213(f).

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>issued discharging this Court's order</u>

<u>to show cause dated July 21, 1995</u>.