T.C. Memo. 2017-233

UNITED STATES TAX COURT

BENJAMIN JEFFERY ASHMORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 562-17L.                                    Filed November 27, 2017.

Benjamin Jeffery Ashmore, pro se.

<u>Robert W. Mopsick</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Special Trial Judge</u>:  In this collection due process (CDP)

case petitioner seeks review, pursuant to section 6330(d)(1),[1] of the determination

_____

[1]Unless otherwise indicated, subsequent section references are to the
Internal Revenue Code (Code) in effect at all relevant times, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** by the Internal Revenue Service (IRS or respondent)[2] to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that the determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached declaration and exhibits. The subject matter of this case relates to overstated Federal income tax withholding for petitioner's 2009 taxable year. Petitioner resided in New Jersey when the petition was timely filed.

I.     2009 Overstated Tax Withholding and Levy Notice

Accounting Resources[3] issued to petitioner two separate Forms W-2, Wage and Tax Statement, for taxable year 2009: (1) one reporting tax withholding by the State of New York, gross wages of $9,319, and Federal income tax withholding of $121 and (2) another reporting tax withholding by the State of New

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[3]Accounting Resources managed payroll and staffing for petitioner's employer, the U.S. Department of Housing and Urban Development.

[*3] Jersey, gross wages of $20,567, and Federal income tax withholding of $170. Petitioner's other employer for the year in issue, CGI Federal, Inc., issued a Form W-2 to petitioner for taxable year 2009, reporting gross wages of $87,578 and Federal income tax withholding of $8,684. The total amount of wages reported on these three Forms W-2 is $117,464 ($9,319 + $20,567 + $87,578 = $117,464) and the total amount of Federal income tax withheld reported on these three Forms W-2 is $8,975 ($121 + $170 + $8,684 = $8,975).

Petitioner timely filed his 2009 Form 1040, U.S. Individual Income Tax Return, on April 15, 2010. Petitioner reported $96,897 in wages and claimed a withholding credit of $17,990. Petitioner's return reflected an overpayment of $15,691. On April 19, 2010, the IRS refunded this overpayment to petitioner.

On September 20, 2012, the IRS adjusted petitioner's account by reducing his withholding by $9,017, the difference between the $17,990 withholding credit claimed by petitioner on his 2009 Form 1040 and the $8,975 reported on his three Forms W-2.[4] Since petitioner had understated his excess Social Security taxes by $683, the amount of overstated withholding credit determined by the IRS is $8,334

---

[4]While $17,990 – $8,975 = $9,015, respondent asserts that the $2 difference ($9,017 withholding adjustment – $9,015) is due to a rounding error.

**[*4]** ($9,017 – $683 = $8,334). This amount was immediately assessed, and the IRS did not issue a notice of deficiency for reasons we will discuss <u>infra</u>.

The IRS issued a Final Notice of Intent to Levy and Notice of Your Right to Hearing (levy notice), dated December 22, 2014, for the overstated withholding credit of $8,334 for petitioner's taxable year 2009.[5] Petitioner timely submitted a Form 12153, Request for Collection Due Process or Equivalent Hearing, signed and dated January 5, 2015. On his Form 12153 petitioner checked "Other" and wrote "see attached" as the reason for his dispute with the levy. Petitioner attached to his Form 12153 a statement in which he asserted that the 2009 liability was "discharged in my Chapter 7 Bankruptcy Discharge (dated 11/18/13). Moreover the 2009 liability is still pending and unresolved * * * on the docket of the Tax Court (see Docket No. 1146-12 and the most recent orders entered therein)." By letter dated May 26, 2015, Settlement Officer (SO) Masters notified petitioner that she would delay the CDP hearing until his case before the Court in docket No. 1146-12 was resolved.

---

[5]The levy notice also reflected a balance due of $1,296 for taxable year 2008. This was resolved before the CDP hearing.

**[*5]** II.　　<u>Deficiency Proceeding in Docket No. 1146-12 and Bankruptcy Proceeding</u>

By notice of deficiency dated October 11, 2011, respondent determined a deficiency of $8,601 in petitioner's income tax and a section 6662(a) accuracy-related penalty of $3,387 for petitioner's taxable year 2009, due in part to petitioner's failure to report taxable wages of $20,567. Petitioner timely filed a petition with the Court in response to the notice of deficiency, commencing the case at docket No. 1146-12. The amount of petitioner's overstated withholding credit for 2009 was not at issue in the deficiency proceeding.[6]

During the trial held on October 2, 2012, petitioner conceded that he had failed to report wages totaling $20,567 and stipulated that the sole issue for trial was whether he was liable for the section 6662(a) accuracy-related penalty. Petitioner also testified about mistakes he made while preparing his 2009 Form 1040, including that he had overstated the amount of Federal income tax withheld for 2009. On May 30, 2013, the Court filed T.C. Memo. 2013-137 upholding respondent's determination of the accuracy-related penalty.

---

[6]Although respondent determined a deficiency related to unreported income, the attached computation in the notice of deficiency also reflected the overstated withholding credit of $8,334.

**[\*6]**　On April 8, 2013, petitioner filed a petition with the U.S. Bankruptcy Court for the District of New Jersey (bankruptcy court) under 11 U.S.C. chapter 7.  On June 21, 2013, respondent filed a notice of proceeding in bankruptcy to notify the Court of petitioner's bankruptcy proceeding.  By order dated July 2, 2013, the Court withdrew its opinion in docket No. 1146-12 and ordered that all proceedings were automatically stayed pursuant to 11 U.S.C. sec. 362(a)(8) (2012).

On November 18, 2013, the U.S. Bankruptcy Court for the District of New Jersey granted petitioner a discharge in bankruptcy under 11 U.S.C. sec. 727 (2012), and the case was closed on November 22, 2013.  On April 2, 2014, respondent filed a motion for summary judgment, asserting that (1) this Court did not have jurisdiction to determine whether petitioner's liability for his 2009 deficiency was discharged in bankruptcy; (2) the 2009 tax liability was not determined in the bankruptcy court; and (3) with petitioner's bankruptcy case closed, the Court had jurisdiction to determine the merits of the case.  On April 10, 2014, petitioner filed a cross-motion for summary judgment, asserting that the 2009 tax liability was discharged in bankruptcy.

On March 2, 2016, the Court filed T.C. Memo. 2016-36 (1) granting respondent's motion for summary judgment, which was treated as a motion for

[*7] partial summary judgment;[7] (2) denied petitioner's cross-motion for summary judgment; and (3) upheld the section 6662(a) accuracy-related penalty. The Court found that petitioner's 2009 deficiency was not adjudicated in the bankruptcy court because respondent had not filed a proof of claim in petitioner's bankruptcy case and there was no evidence of an adjudication under 11 U.S.C. sec. 505(a)(1). Ashmore v. Commissioner, T.C. Memo. 2016-36, at *9-*10. The Court concluded, among other things, that petitioner's general discharge in bankruptcy was not a judgment on the merits of petitioner's 2009 tax issue and did not confirm that petitioner's 2009 tax liability was discharged. Id. at *9.

By order dated March 23, 2016, the bankruptcy court granted a motion filed by the chapter 7 trustee to reopen petitioner's chapter 7 case for the limited purpose of administering any potential assets of petitioner which might result from a whistleblower lawsuit in which petitioner was a plaintiff, then pending in the U.S. District Court for the Southern District of New York. On April 20, 2016, the IRS filed a Form 410, Proof of Claim for Internal Revenue Taxes, with the

---

[7] The Court treated respondent's motion for summary judgment, filed April 2, 2014, as a motion for partial summary judgment, because "even if we grant respondent's motion as to the question of our jurisdiction over whether petitioner's 2009 deficiency was discharged in bankruptcy, we must still decide whether the 2009 deficiency was correct." See Ashmore v. Commissioner, T.C. Memo. 2016-36, at *2-*3.

[*8] bankruptcy court. The Form 410 reflects that petitioner was then indebted to the United States in the amount of $18,579 for taxable year 2009. On the basis of this record, this balance due is the total of (1) the balance due for the tax liability and section 6662(a) penalty for 2009 as a result of the decision in docket No. 1146-12, (2) the balance due as a result of petitioner's overstated withholding for 2009, which was not at issue in docket No. 1146-12, and (3) interest to date of $1,655. Subsequently the IRS sent petitioner a Notice CP21E dated October 10, 2016, which reflected a balance due of $20,866, including interest to date of $3,942.

III.  CDP Hearing

The Court entered a decision in docket No. 1146-12 on May 26, 2016. After petitioner's case in docket No. 1146-12 was closed with the filing of the decision, the Appeals Office resumed with the CDP hearing relating to the levy notice dated December 22, 2014. By letter dated November 7, 2016, SO Masters scheduled a telephone hearing for November 28, 2016. The letter informed petitioner that SO Masters could not consider any collection alternatives unless he provided a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, by November 21, 2016. The letter also stated that IRS records reflected that petitioner's Federal income tax returns for

**[*9]** taxable years 2013, 2014, and 2015 had not been filed, and SO Masters requested signed copies of these returns by November 21, 2016.

Before the scheduled hearing petitioner did not contact SO Masters and did not provide a Form 433-A or copies of his tax returns as requested. On November 28, 2016, SO Masters and petitioner held a telephone hearing during which petitioner (1) asserted that the bankruptcy case had been reopened and that the automatic stay under 11 U.S.C. sec. 362(a) would prevent the IRS from taking collection action and (2) requested the contact information for SO Masters' Appeals team manager (ATM). SO Masters informed petitioner that IRS records reflected that his bankruptcy case was closed. On November 28, after the telephone hearing, SO Masters brought petitioner's case to ATM Banks. ATM Banks unsuccessfully tried to reach petitioner by telephone that same day and also over the next three days.

On December 1, 2016, ATM Banks documented in SO Masters' case activity record her understanding of the IRS' rights with regard to assessment and collection. ATM Banks indicated the following: (1) the 2009 liability reflected in the levy notice was the result of the adjustment in petitioner's account due to the incorrect withholding credit claimed; (2) the 2009 liability at issue was not subject to deficiency procedures because it was the result of only overstated withholding;

[*10] (3) the automatic stay did not apply because the bankruptcy case was reopened for a limited purpose that did not apply to the IRS; and (4) the liability was not dischargeable in bankruptcy pursuant to 11 U.S.C. sec. 507(a)(8)(A)(i) (2012).

On December 5, 2016, petitioner sent to SO Masters via facsimile copies of the following documents: (1) a cover sheet in which petitioner again asserted that his bankruptcy case remained open; (2) SO Masters' letter dated November 7, 2016, on which petitioner had handwritten some notes; (3) the Form 410 filed by the IRS on April 20, 2016; (4) the Notice CP21E dated October 10, 2016; and (5) a letter dated October 18, 2016, which petitioner asserts he mailed to the IRS in response to the Notice CP21E. In the letter dated October 18, 2016, petitioner repeats his assertions that (1) his bankruptcy case remains open and (2) his 2009 tax year was already litigated before the Tax Court (in docket No. 1146-12). Petitioner did not include with these documents a Form 433-A or copies of his tax returns for tax years 2013 through 2015.

Also on December 5, 2016, petitioner and SO Masters spoke on the telephone again. During the telephone call SO Masters explained to petitioner why the 2009 liability was not dischargeable in bankruptcy and that the CP21E notice included (1) the balance due for 2009 as a result of the Tax Court

[*11] proceeding in docket No. 1146-12 and (2) the balance due as a result of the overstated withholding for 2009. Petitioner did not agree to a collection alternative and merely reiterated his position that the IRS could not collect because of an automatic stay and that the 2009 liability had been discharged in bankruptcy. As of December 7, 2016, petitioner had not provided a completed Form 433-A or signed copies of his requested income tax returns to SO Masters or ATM Banks.

IV.    Petition and Respondent's Motion for Summary Judgment

On December 21, 2016, respondent issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) for the year in issue, sustaining the levy notice to collect petitioner's overstated withholding for 2009, because "[w]e could not reach an agreement, extend any relief to you, or even consider any alternative to the proposed levy. You have not provided a completed Form 433-A Collection Information Statement with all the required supporting documentation nor did you provide proof that you filed your missing returns."

Petitioner timely mailed a petition on January 6, 2017, which was filed by the Court on January 9, 2017. Petitioner asserts that (1) the automatic stay pursuant to 11 U.S.C. sec. 362 is still in effect because his bankruptcy was

**[\*12]** reopened and (2) the additional $8,334 assessed for 2009 had not been previously assessed and was not stipulated in his case at docket No. 1146-12. Petitioner requested that he be awarded (1) "costs in connection with the filing of this petition" and (2) "the attorneys fees I have incurred for consultations with my attorneys of record noted on the enclosed bankruptcy court docket, in connection with this matter and the erroneous Levy. Under either I.R.C. 7433(e)(1) or 11 USC 362(k) such relief is appropriate." Petitioner also attached to his petition a copy of a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice), dated December 13, 2016.[8]

---

[8]Petitioner requests that the lien be lifted. The Court notes that petitioner did not attach to his petition a copy of a notice of determination with respect to the lien notice dated December 13, 2016, and did not assert that he received any such notice. We do not consider petitioner's request in this proceeding.

In a collection review action this Court's jurisdiction under secs. 6320 and 6330 depends, in part, on the issuance of a notice of determination by the IRS Appeals Office after the taxpayer has requested an administrative hearing following the issuance by the IRS Collection Division of either a final notice of intent to levy, see sec. 6330(a), or a notice of filing of Federal tax lien, see sec. 6320(a); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). Since petitioner has not provided a copy of such a notice of determination, the Court does not have jurisdiction over the lien notice dated December 13, 2016. Accordingly, all references to the lien notice in the petition shall be deemed stricken.

[*13] On April 17, 2017, respondent filed the motion for summary judgment. Respondent asserts that (1) petitioner's debt for his unpaid tax for 2009 that resulted from the overstated withholding was not discharged, by reason of the exceptions to discharge set out in 11 U.S.C. sec. 523(a)(1)(A); (2) the reopening of petitioner's bankruptcy case on March 23, 2016, did not reinstate the automatic stay under 11 U.S.C. sec. 362(a)(6); (3) petitioner's liability for overstated withholding is not subject to deficiency procedures; (4) the SO did not abuse her discretion in sustaining the levy; and (5) the Appeals Office fully complied with the requirements of section 6330(c)(3).

On May 22, 2017, petitioner filed his opposition to respondent's motion for summary judgment and an accompanying declaration. In his opposition petitioner repeats his prior assertions regarding the effect of his bankruptcy case on the CDP proceeding and that the 2009 liability reflected in the levy notice had not been previously assessed, and asserts that respondent "mischaracterizes" the record. In his declaration petitioner asserts:

> The characterizations of my actions in connected with the Collections Due Process hearing I requested * * * are not accurate. Upon information and belief, the documents I submitted to the IRS in connection with this request (which are notably omitted from the SJM's [motion for summary judgment] filing), and the audio-recorded voicemails left for me by Ms. Masters and Ms. Banks, and the fully-disclosed audio-recordings of various calls between myself and Ms. Banks and Ms.

**[\*14]** Masters, that will be submitted into the evidentiary record at expected trial, will impeach the characterizations set forth in the Masters declaration and the accompanying exhibits. I am prepared to testify at trial as to these matters, if necessary.

Petitioner did not assert any specific facts and did not provide documentation or other evidence to support these assertions.

## Discussion

I.    Summary Judgment

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). We may grant summary judgment only if there is no genuine dispute of any material fact. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent, as the moving party, bears the burden of proving that no genuine dispute exists as to any material fact and that respondent is entitled to judgment as a matter of law. See FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000). In deciding whether to grant summary judgment, we must consider the factual materials and inferences drawn from them in the light most favorable to the nonmoving party. See id. However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the

**[\*15]** 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

We conclude there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law sustaining the notice of determination upon which this case is based.

## II.    Collection Due Process

### A.    Generally

The Secretary is authorized to collect tax by levy upon a taxpayer's property if any taxpayer liable to pay any tax neglects or refuses to pay it within 10 days after notice and demand for payment. Sec. 6331(a). Before the Secretary may levy upon the taxpayer's property, the Secretary must first notify the taxpayer of the Secretary's intent to levy. Id. subsec. (d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

If the taxpayer makes a timely request for a hearing, the hearing is conducted by the Appeals Office. Id. subsec. (b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Id. subsec. (c)(2)(A). Following a CDP hearing the settlement officer must determine whether to sustain the proposed levy.

[*16] Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are set by caselaw. Where the validity of the underlying tax is properly at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review other issues for abuse of discretion. Id. at 182.

B.     Underlying Liability

The Tax Court is a court of limited jurisdiction and we may exercise jurisdiction only to the extent expressly authorized by Congress. Sec. 7442; Neely v. Commissioner, 115 T.C. 287, 290-291 (2000). The Court has jurisdiction to review all notices of determination issued pursuant to section 6330. Sec. 6330(d)(1); McNeill v. Commissioner, 148 T.C. __, __ (slip op. at 11-12) (June 19, 2017).

Where, as here, the Court lacks original jurisdiction over the underlying liability (overstated withholding credit),[9] it nonetheless has exclusive jurisdiction

---

[9]Sec. 6213(a) allows the taxpayer to seek judicial review of a proposed deficiency before this Court. The amount of an overstated withholding credit may be summarily assessed and is not subject to the deficiency procedures prescribed in sec. 6213. Sec. 6201(a)(3); Bregin v. Commissioner, 74 T.C. 1097, 1104-1105 (1980). Further, sec. 6213 (b)(1) specifically provides that assessments arising out of mathematical or clerical errors are not subject to the restrictions on assessments

(continued...)

**[*17]** to review appeals from the Commissioner's levy determinations. McNeill v.

Commissioner, 148 T.C. at __ (slip op. at 12-14); see also Yari v. Commissioner,

143 T.C. 157, 161-163 (2014), aff'd, 669 F. App'x 489 (9th Cir. 2016); Mason v.

Commissioner, 132 T.C. 301, 316 (2009); Callahan v. Commissioner, 130 T.C. 44,

47-49 (2008).  Further, since petitioner did not receive a statutory notice of

deficiency for the overstated withholding credit for 2009 and did not have a prior

opportunity to dispute this liability, he could challenge the existence or amount of

his underlying tax liability during the CDP proceeding.  See sec. 6330(c)(2)(B);

Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).  Therefore, we have

jurisdiction to review respondent's determination as it relates to the 2009

underlying liability resulting from petitioner's overstated withholding credit.

However, "[a] taxpayer is precluded from disputing the underlying liability

[in this Court] if it was not properly raised in the CDP hearing."  Thompson v.

Commissioner, 140 T.C. 173, 178 (2013).  An issue is not properly raised if the

taxpayer either does not request consideration or requests consideration but fails to

provide evidence on the issue at the CDP hearing after being given a reasonable

---

[9](...continued)
in sec. 6213(a) and respondent is not prohibited from collecting the amount
assessed; an erroneous claim of a credit for taxes withheld on wages is treated as a
mathematical or clerical error.  Bregin v. Commissioner, 74 T.C. at 1104.

[*18] opportunity to do so.  Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin.

Regs.  On the basis of this record, petitioner did not assert at any point during the

CDP hearing that the IRS erred in determining that he had overstated his

withholding credit for 2009, nor did he provide SO Masters with documentation or

evidence to support such an assertion.[10]  Therefore, he did not properly raise the

issue of his underlying liability at the CDP hearing.

C.     Collection Issues

Since petitioner's underlying tax liability is not properly at issue, we

consider in the context of the motion for summary judgment whether the Appeals

Officer abused her discretion.  See Goza v. Commissioner, 114 T.C. at 181-182.

An abuse of discretion occurs if the Appeals Office exercises its discretion

"arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v.

Commissioner, 112 T.C. 19, 23 (1999).  It is well settled that it is not an abuse of

discretion for the Appeals Office to sustain a proposed collection action against a

taxpayer who fails to submit requested documentation and/or financial

information.  Pough v. Commissioner, 135 T.C. 344, 351 (2010).  The record

reflects that petitioner did not provide a completed Form 433-A or copies of the

_____

[10]Further, petitioner's assertion that his unpaid liabilities for 2009 were
discharged in bankruptcy does not amount to a challenge to the underlying tax
liability at issue, as discussed infra.

[*19] tax returns requested by SO Masters. See id. Therefore, SO Masters did not abuse her discretion by sustaining the proposed collection action.

The record also reflects that petitioner did not request a collection alternative such as an offer-in-compromise or an installment agreement and did not submit to SO Masters any specific offer or propose any specific terms. The Appeals Office does not abuse its discretion in failing to consider an offer that a taxpayer never made. Huntress v. Commissioner, T.C. Memo. 2009-161, 2009 WL 1883984, at *5.

D.    Discharge in Bankruptcy

Petitioner also asserted during his CDP hearing that his 2009 liability was discharged in bankruptcy. The Court has jurisdiction in a levy proceeding to determine whether a taxpayer's unpaid liabilities were discharged in bankruptcy. Swanson v. Commissioner, 121 T.C. 111, 117 (2003); see also Washington v. Commissioner, 120 T.C. 114, 120-121 (2003). A taxpayer's assertion that his tax liabilities were discharged in bankruptcy amounts to a challenge to the appropriateness of the collection action under section 6330(c)(2)(A). Bussell v. Commissioner, 130 T.C. 222, 236 (2008); Swanson v. Commissioner, 121 T.C. at 119. As previously discussed, we review such a challenge for abuse of discretion. See Goza v. Commissioner, 114 T.C. at 181-182.

**[\*20]** A debtor's discharge under 11 U.S.C. sec. 727 does not include debts for taxes of the kind and for the periods specified in 11 U.S.C. sec. 507(a)(8)(A). See id. sec. 523(a)(1)(A). The taxes that are not dischargeable under that provision include (1) income tax which became due within three years before the date that the bankruptcy was filed, (2) income tax assessed within 240 days of the date the bankruptcy was filed, and (3) income tax not assessed before the bankruptcy was filed but still assessable thereafter. See id. sec. 507(a)(8)(A). In other words, taxes which fall within any of the three exceptions listed in 11 U.S.C. sec. 507(a)(8)(A) are not dischargeable and can be collected by the IRS. See Turner v. United States (In re Turner), 182 B.R. 317, 321 (N.D. Ala. 1995).

Petitioner's 2009 Form 1040 was due April 15, 2010, which is less than three years before April 8, 2013, the date of the filing of his bankruptcy petition. Thus, petitioner's 2009 liability was not dischargeable and can be collected by the IRS. See 11 U.S.C. sec. 507(a)(8)(A)(i); Turner, 182 B.R. at 321. We are satisfied that there is no material dispute of fact and that as a matter of law the Appeals Office correctly concluded that petitioner's tax debt for taxable year 2009 was not discharged in his bankruptcy proceeding. Therefore, we conclude that the decision to sustain the levy was not an abuse of discretion.

**[*21]** E.      Section 6330(c)(3) Requirements

In making the determination whether to sustain the proposed levy, section 6330(c)(3) requires the settlement officer to consider:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the collection actions balance the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  See also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

SO Masters and ATM Banks each verified that the levy notice issued to petitioner reflected an amount due as a result of petitioner's overstated withholding for 2009 and the resulting adjustment.  They further verified that the deficiency from petitioner's prior case before the Court was not included in the levy notice and thus not at issue for the CDP hearing.  The record reflects that SO Masters properly verified that the requirements of all applicable law and administrative procedure were met in the processing of petitioner's case and that the collection action balances the Government's need for the efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary.

**[*22]** III.    Automatic Stay Under 11 U.S.C. Sec. 362(a)(6)

Petitioner also asserts that respondent violated the automatic stay provision of 11 U.S.C. sec. 362(a)(6), which operates as a stay of any actions by a creditor to collect a debt that arose before the commencement of the bankruptcy case.  The bankruptcy court may issue an order granting relief from the automatic stay.  11 U.S.C. sec. 362(d).  Absent such an order, the automatic stay generally remains in effect until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge.  11 U.S.C. sec. 362(c)(2); see Allison v. Commissioner, 97 T.C. 544, 545 (1991); Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).  When the bankruptcy case is closed, dismissed, or discharged, the automatic stay under 11 U.S.C. sec. 362(a)(6) is terminated, and the reopening of a case does not reimpose the stay, absent an order from the bankruptcy court.  Allison v. Commissioner, 97 T.C. at 547.

On November 18, 2013, the bankruptcy court issued an order to generally release petitioner from all dischargeable debts, and the case was closed on November 22, 2013.  This action terminated the automatic stay.  The IRS did not send the levy notice to petitioner until December 22, 2014, a full year after the discharge.  By its order dated March 23, 2016, the bankruptcy court reopened

[*23] petitioner's chapter 7 case for the limited purpose of administering any potential assets of petitioner which might result from a whistleblower case. The record does not reflect and petitioner has not asserted that the bankruptcy court issued an order to reimpose the automatic stay after the discharge. See 11 U.S.C. sec. 362(c)(2), (d); Allison v. Commissioner, 97 T.C. at 545, 547; Smith v. Commissioner, 96 T.C. at 14; Neilson v. Commissioner, 94 T.C. at 8. Therefore, the automatic stay under 11 U.S.C. sec. 362(a)(6) has not been in effect since the bankruptcy case was discharged on November 18, 2013, and respondent has not violated any such automatic stay by proceeding with the collection action for petitioner's overstated withholding credit since the discharge.

IV.     Petitioner's Requests for Costs and Attorney's Fees

Petitioner requests that the Court order respondent to pay his costs associated with the filing of the petition. Section 7430 provides for the award of reasonable costs incurred in any administrative or court proceeding against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty pursuant to the Code. Litigation and administrative costs may be awarded where: (1) the taxpayer is the "prevailing party"; (2) the taxpayer did not unreasonably protract the administrative or court proceedings; (3) the amount of costs requested is reasonable; and (4) all administrative remedies

**[*24]** available to the taxpayer have been exhausted.  Sec. 7430(a), (b)(1), (3), (c).

To be a prevailing party, the taxpayer must:  (1) substantially prevail with respect

to either the amount in controversy or the most significant issue or set of issues

presented and (2) satisfy the applicable net worth requirement.  Id. subsec.

(c)(4)(A).

Rule 331(b) (flush language) provides that "[a] claim for reasonable

litigation or administrative costs shall not be included in the petition in a lien or

levy action."  Instead, a taxpayer who has substantially prevailed and who wishes

to claim reasonable litigation and administrative costs may file a motion within 30

days after the service of a written opinion determining the issues in the case.  Rule

231(a)(2).

For reasons discussed herein the claim for costs in the petition is premature.

See Rules 331(b) (flush language), 231(a)(2).  Further, even if the claim was not

premature, petitioner is not a prevailing party within the meaning of section 7430,

and thus he is not entitled to an award for litigation and administrative costs.  See

sec. 7430(c)(4)(A).  Accordingly, we will deny petitioner's claim.

Petitioner also requests that the Court order respondent to pay his attorney's

fees pursuant to 11 U.S.C. sec. 362(k) or section 7433(e)(1).  The Court notes that

under 11 U.S.C. sec. 362(k)(1) a party injured by "any willful violation of a stay

[*25] provided by this section" may seek recovery of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances * * * punitive damages." Under section 7433(e)(1), a taxpayer may petition the bankruptcy court to recover damages in the case of a willful violation of any provision of 11 U.S.C. sec. 524 or 362.[11] Thus, petitioner must bring such a claim before a bankruptcy court. Additionally, if petitioner meant to make a claim pursuant to section 7433(a) through (d), which provides for up to $1 million in civil damages for certain unauthorized collection actions, such claims must be brought in a U.S. District Court. See sec. 7433(a); Gerakios v. Commissioner, T.C. Memo. 2004-203; Chocallo v. Commissioner, T.C. Memo 2004-152.

V.    Conclusion

Reviewing the factual materials and inferences against respondent, the Court concludes that there are no genuine disputes of material fact in this case and the respondent is entitled to judgment as a matter of law. Further, respondent's determination to sustain the levy was not an abuse of discretion.

---

[11]The Court also notes that, as previously discussed, respondent was not in violation of 11 U.S.C. sec. 362.

**[\*26]** The Court notes that nothing prevents petitioner from providing appropriate financial information in the future so that respondent may consider collection alternatives, but not as part of this proceeding or subject to review by this Court.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.